### 33444. WOOD et al. v. McGEE et al.

Marshall, Justice.

This is a child custody case. The parties were divorced in 1971 and the custody of the couple's minor son was awarded to the mother in the divorce decree. Also in 1971, the Juvenile Court of Gwinnett County found the child to be deprived, and awarded custody of him to his aunt, defendant Evelyn Dodd, in an order which expired by operation of law in 1973. Code Ann. § 24-A-2701(c) (Ga. L. 1971, pp. 709, 783; 1974, pp. 1126, 1131).

In 1977, the mother brought the present habeas corpus action against Ms. Dodd and Mr. and Mrs. Wood, alleging that defendant Dodd had illegally turned the child over for adoption to defendants Woods, who then had possession of the child. The mother alleged that she, the mother, was a fit and proper party to have custody of the child, and prayed that custody be restored to her.

The defendants filed an answer, alleging in part that the petitioner had lost all parental rights to the child by abandoning him shortly after his birth, acquiescing totally in the defendants' custody since 1971, and also because the petitioner had been guilty of cruel treatment toward the child. The defendants' answer further alleged that the petitioner is morally unfit to have custody of the minor child and that the welfare and happiness of the child will best be served if defendants Mr. and Mrs. Wood retain custody. Also filed was a counterclaim, alleging that, shortly following the juvenile court's award of

custody to defendant Dodd, Ms. Dodd had transferred custody to defendants Mr. and Mrs. Wood, who for six years had supported, maintained, cared for and loved the child, the petitioner having made no attempt to visit, contact or claim him. The counterclaim prayed for the termination of the petitioner's parental rights and the grant of temporary and permanent custody of the child to defendants Woods.

The trial judge held that, upon the expiration of the two-year juvenile court order, the petitioner became the rightful custodian pursuant to the provisions of the divorce decree. He further held that the original exclusive jurisdiction to determine the fitness of a parent for a child where there is no divorce action pending is in the juvenile court, and, "this court having no authority to determine the fitness of the mother for the custody of the child, it is binding upon this court to grant the writ of habeas corpus."

From this judgment, the defendants appeal. *Held:*

Code Ann. § 50-121 (as amended, Ga. L. 1976, pp. 1050, 1052) provides in part as follows: "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to [to] whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person."

The judgment of the trial judge states that he had no discretion in ruling on this question. We disagree. The judgment is reversed and remanded to the trial court with direction that he exercise a legal discretion in ruling whether or not the mother is an unfit parent or has otherwise forfeited her parental rights to the child. See *White v. Bryan,* 236 Ga. 349 (223 SE2d 710) (1976) and cits.

*Judgment reversed and remanded with direction. All the Justices concur.*

SUBMITTED MARCH 31, 1978 — DECIDED APRIL 18, 1978.

*John Terry Brown,* for appellants.

*Fred W. Minter,* for appellees.