36058. BRYANT et al. v. WIGLEY.

HILL, Justice.

Appellee father filed an application for a writ of habeas corpus seeking return of his 10-year-old daughter who had been living a few weeks with the appellants, the child's maternal aunt and uncle, since her mother's death. The appellants denied the father's right to have the child returned and counterclaimed for custody.

According to the evidence presented at trial, the child's father and mother were divorced when the child was approximately three years old and the mother was granted custody of the child. They remarried about six months before the mother's death. The appellants contended at trial that the father was unfit because, during the seven-year period he was divorced from the child's mother, he had neither supported nor visited his daughter, he used alcohol, he had beaten one or more of his wives, he had been involved in several affairs while married, he had lived apart from his deceased wife even after their remarriage and he left her at home on the night of her death. After his wife died, the father gave the aunt and uncle permission to keep the child temporarily and they have since refused to give up custody.

The trial court granted the father a writ of habeas corpus after finding that the father's parental rights had not been terminated and that his conduct did not amount to cruelty to the child. The trial court stated "[T]here is no question whatsoever but that the best interests of this child would be served by leaving that child with [the appellants]. There's no question in my mind to that effect. . . . The law gives the parent, the surviving parent, the right to the custody of that child.[1] Now, were it within my power to do, I would deny this habeas

---

[1] (Footnote added.) See *Porter v. Johnson,* 242 Ga. 188, 189 (249 SE2d 608) (1978).

corpus, but the law compels me to grant it. The evidence is not sufficient . . . the cruelty to this child by his failure to contact the child and his failure to support the child are not in and of themselves sufficient cruelty to overcome his right under the law to custody of the child."

The child's aunt and uncle appealed. The father has moved to dismiss the appeal for failure to follow the procedure specified by Code Ann. § 6-701.1.

1. The father's motion to dismiss the appeal for failure to follow Code Ann. § 6-701.1 is denied. That section requires that a party who seeks to appeal a judgment or order "awarding or refusing to change child custody" comply with certain application procedures in order to appeal. Such child custody orders include those entered as part of a divorce case or pursuant to the Uniform Child Custody Jurisdiction Act of 1978 (Code Ann. Ch. 74-5) or the Georgia Child Custody Intrastate Jurisdiction Act of 1978 (Code Ann. Ch. 24-3B). Those procedures are not applicable to appeals in habeas corpus actions brought under Code § 50-101 (b). A habeas corpus court's order returning a child to its lawful custodian (see footnote 1) is not an order "awarding . . . child custody" within the meaning of § 6-701.1 (a) (2).

2. The primary question presented by this appeal is whether upon the death of a parent the trial court has the discretion in the best interest of the child to award custody to a party other than the surviving parent without a showing of abandonment of the child,[2] cruel treatment of the child,[3] termination of parental rights by a court of competent jurisdiction,[4] or unfitness of the parent shown by clear and satisfactory proof.[5]

Appellants rely principally on Code Ann. § 74-106 (as amended by Ga. L. 1979, pp. 466, 492) which provides as follows: "Upon the death of either parent, the survivor is entitled to custody of the child: Provided, however, the court, upon petition, may exercise discretion as to the custody of the child, looking solely to the child's interest and welfare." See also Code Ann. § 50-121 which contains a similar provision as to discretion.

The death of one parent does not create an "open season" to

---

[2]See Code Ann. § 74-108(a)(3).

[3]See Code Ann. § 74-108(a)(6); § 74-109.

[4]See Code Ann. § 24A-3201; see also Code Ann. § 24A-301(a)(2)(c) (as amended); *Gatlin v. Thompson,* 243 Ga. 668 (256 SE2d 353) (1979).

[5]See *Perkins v. Courson,* 219 Ga. 611 (2) (135 SE2d 388) (1964), and *Peck v. Shierling,* 222 Ga. 60 (148 SE2d 491) (1966), adding unfitness, when shown by clear and satisfactory proof, to the grounds specified in Code Ann. § 74-108, et seq.

determine who, besides the surviving parent, should have custody of a child. See *Curry v. Little,* 243 Ga. 219 (253 SE2d 201) (1979); *Spitz v. Holland,* 243 Ga. 9 (252 SE2d 406) (1979).

We read Code Ann. § 74-106, supra, to give the trial court, in a habeas corpus petition brought by a surviving parent, the discretion to consider whether the child had been abandoned by the surviving parent, or subjected to cruel treatment by the surviving parent, or to suspend the proceeding to enable the juvenile court to consider termination of the parental rights of the survivor (Code Ann. § 24A-3201), or to consider whether the surviving parent is shown by clear and satisfactory proof to be unfit to have custody of the child. The trial court would also have the discretion to consider such other matters as may be authorized by statute and the discretion to suspend the proceeding to enable another court to consider such matters as it has jurisdiction to consider (see Code §§ 74-109, 74-110). On the other hand, absent a showing of abandonment, cruel treatment, termination of parental rights, unfitness or other grounds authorized by law, the trial court lacks discretion to deprive the surviving parent of his or her child.

In the case before us, we read the trial court's statement as a finding that under the facts of this case the trial court lacked discretion to award custody of the child to a nonparent. We disagree. These facts would authorize the court to exercise the discretion granted it under Code Ann. § 74-106, as amended, supra. Because the trial court was not precluded on these facts from exercising its discretion, we remand the case to allow the court to decide the issue of custody by the exercise of its discretion. *Wood v. McGee,* 241 Ga. 242 (244 SE2d 846) (1978); see also *Rhoden v. Dearman,* 234 Ga. 229, 230 (214 SE2d 919) (1975).

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 21, 1980 — DECIDED JUNE 17, 1980 — REHEARING DENIED JULY 15, 1980.

*W. Michael Strickland,* for appellants.
*Glyndon C. Pruitt,* for appellee.