## 39012. HUTTO v. HUTTO.

PER CURIAM.

This case involves a custody dispute over Kimberly Dawn Hutto, the daughter of the appellant-mother and appellee-father.

On February 19, 1982, the appellant and the appellee were divorced by order of the Superior Court of Pierce County. A "Contract of Settlement" dated February 18, 1982, was incorporated into the final order of divorce, and it provided that the permanent custody of the appellant's and appellee's two minor children (twins) be split, with the appellant having custody of the daughter, Kimberly Dawn Hutto, and the appellee having custody of the son, Brent Ronald Hutto.

After the divorce, the appellant and her daughter resided in Coffee County; however, on March 31, 1982, the appellee came to Coffee County, removed his daughter from school, and took her to his home in Pierce County. The daughter has since remained with her father.

On April 5, 1982, the mother filed a habeas corpus petition seeking the return of her daughter to her custody. The appellee counterclaimed contending that the mother was unfit to have custody, and that the best interests of the child demanded that he be awarded custody. The appellant filed a motion to dismiss the counterclaim contending that provisions of the Georgia Child

Custody Intrastate Jurisdiction Act (Code Ann. §§ 24-301b-305b) prohibited a counterclaim for change of custody when the non-custodial parent was illegally detaining a child.

The habeas court dismissed the counterclaim because of the Georgia Child Custody Intrastate Jurisdiction Act, but it concluded that the GCCIJA did not prohibit it from exercising what it perceived as its duty in such a case — to hear the facts and exercise its discretion as to whom, considering the best interests of the child, should be awarded custody. The court found that the mother was seeing a man under immoral conditions at her apartment while the child was present; that because of these conditions the child preferred to live with her father and had threatened to run away from her mother; and that it was in the best interests of the child that she remain in the custody of the defendant. Accordingly, the appellee was awarded temporary custody of Kimberly Dawn Hutto.

This case presents the question of whether the habeas court, in light of the Georgia Child Custody Intrastate Jurisdiction Act of 1978, had the authority to determine whether there had been a material change of circumstances since the parties' divorce on February 19, 1982, and whether the best interests of the child justified a change of custody. We find that it did not have the authority, and reverse.

Code Ann. § 24-305b provides that in no case, whether by complaint or by counterclaim in response to a habeas petition, shall the physical custodian, in this case, the appellee, "be *allowed* to maintain against the legal custodian any action for . . . change of child custody so long as custody of the child is withheld from the legal custodian in violation of the custody order." (Emphasis supplied.) In this case, the habeas corpus, even though it dismissed the counterclaim, allowed the physical custodian to present evidence and essentially maintain an action against the legal custodian even though he was withholding custody of the child from the mother, the legal custodian, in violation of the custody order dated February 19, 1982. The clear mandate of this section is that the trial court cannot allow the physical custodian to maintain an action in such a case. Consequently, the trial court erred in allowing evidence to be presented and in ordering a change of custody. This section alone is enough to call for the reversal of the habeas court; however, Code Ann. §§ 24-302b (a) and (c) also call for a reversal.

Code Ann. §§ 24-304b (a) and (c) provide (1) that the proper place to determine whether a change of child custody is justified is the county of residence of the legal custodian and (2) that this rule holds true and disallows the maintenance of a counterclaim where the legal custodian has filed a habeas corpus petition in a county other than his

or her residence in order to enforce a child custody order. Though the trial court dismissed the counterclaim in this case and rested its authority to decide the change of custody on what it perceived to be its duty to decide what was in the best interests of the child, we find that these code sections clearly do not allow for this action. Rather, those sections only allow for the determination of a change of child custody from the legal custodian in the county of residence of the legal custodian, which, in this case, was Coffee County.

The father argues that the above provisions of the Georgia Child Custody Intrastate Jurisdiction Act of 1978 should be inapplicable to this case as this case was not one involving "child snatching." Rather, he contends that the retrieval of the child from Coffee County was because of an emergency situation, i.e., that the child had called the father and threatened to run away and keep running away until she could come live with her father and brother. The father, relying on *Webb v. Webb,* 245 Ga. 650 (2) (266 SE2d 463) (1980), argues that such an emergency takes precedence over the principles enunciated in the Georgia Child Custody Intrastate Jurisdiction Act of 1978, and that, consequently, the trial court properly exercised its authority. We disagree.

To authorize a trial court to exercise its authority in a case where its authority is restricted by the Georgia Child Custody Intrastate Jurisdiction Act of 1978, there must be an extreme emergency justifying the retrieval of the child by the noncustodial party. See, *Yearta v. Scroggins,* 245 Ga. 831, 833, fn. 3 (268 SE2d 151) (1980); *Bishop v. Bishop,* 247 Ga. 56, 57 (273 SE2d 394) (1981); and *Etzion v. Evans,* 247 Ga. 390 (1) (276 SE2d 577) (1981) which limit *Webb v. Webb,* supra, to its facts. We do not find such an emergency in this case, and we note that if it is in the child's best interests that custody be changed, the noncustodial parent must, instead of taking the child, seek a change of custody where jurisdiction lies.

For the above reasons, the habeas court did not have authority to order a change of child custody from the legal custodian, the appellant, and it erred in not ordering the return of the custody of the child to the mother once it had been demonstrated that the mother was the legal custodian, and that the father was withholding the child from her in violation of the custody order of February 19, 1982. It should be noted that the father is not without recourse as he may file the proper complaint seeking a change in custody of the child in Coffee County. This holding and the Georgia Child Custody Intrastate Jurisdiction Act of 1978 are in keeping with the public policy of the state as expressed in *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977) and its progeny.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

*Preston, Preston & Hudson, Robert H. Preston,* for appellant.
*Leon A. Wilson II,* for appellee.