41581. COLUMBUS v. GAINES.
(322 SE2d 259)

MARSHALL, Presiding Justice.

The appellant-father filed a petition for habeas corpus[1] seeking permanent custody of his 11-year-old daughter, of whom the probate court had appointed the defendant maternal aunt testamentary guardian after the death of the child's custodial mother. The petition alleged that the minor child is a deprived child, living in conditions

---

[1] Although this appeal did not involve a judgment for divorce, the complaint was not *"in the nature of* habeas corpus seeking a *change* of custody," which is prohibited by the Georgia Child Custody Intrastate Jurisdiction Act of 1978 (Ga. L. 1978, p. 1957; OCGA § 19-9-23 (d)), appeals from judgments entered pursuant to which Act are within the jurisdiction of the Court of Appeals. *Carter v. Foster*, 247 Ga. 26 (273 SE2d 614) (1981); *Munday v. Munday*, 243 Ga. 863, 864 (257 SE2d 282) (1979); *Spires v. Lance*, 167 Ga. App. 331 (306 SE2d 317) (1983); *Lewis v. Lewis*, 154 Ga. App. 853 (1) (269 SE2d 919) (1980). Rather, although the complaint alleged that the defendant-aunt had "temporary custody" of the minor child and sought to have custody awarded to the plaintiff, it was nevertheless a petition for habeas corpus, because it was brought by the surviving parent, who had prima facie custody under OCGA § 19-9-2, against a third party, who had merely guardianship, rather than permanent custody.

which, if not remedied, will cause her to suffer serious physical, mental, moral or emotional harm; and that the defendant guardian is not a fit and proper person to have the care and custody of the child.

The defendant answered, alleging that the petitioner had lost his parental control and right on the grounds of failure to provide necessaries and abandonment; that the petitioner and the child's mother had been separated since the child was one year old, at which time the petitioner had put the mother and child out of the house and told them to go back to Georgia, while the petitioner remained in New York, where he presently resides; that the petitioner has been unemployed the duration of the separation from his wife and child except for the period he was in the "Army Reserves," and has never provided any financial support nor given Christmas or birthday gifts to the child, nor visited her; that, since the defendant was appointed guardian of the child, the petitioner has failed to provide any support for the child while under the defendant's care, even though demands for assistance have been made; that the petitioner failed to appear in any of the probate court hearings regarding the welfare of the child; that the petitioner's real reason for seeking custody of the child is to allow him to collect the social security payments the child would receive and to allow another aunt, Fannie Reynolds, to get custody of the child, since the probate court had denied her guardianship of the child; and that the petitioner is an unfit person, and not the proper person to have the care and custody of the minor child. By a counterclaim, the defendant prayed for permanent legal custody because she is the proper and fit person to have the care and custody of the child, as allegedly had been previously determined in probate court.

The trial court entered a judgment granting custody to the defendant-aunt on the grounds (1) that the father had contracted away his parental rights to another aunt, thereby becoming estopped to claim parental rights; (2) that the father had failed to provide "necessities" and had abandoned the child; and (3) that the father was unfit as a parent. The father appealed this judgment. *Held*:

"[W]here a surviving parent sues to obtain custody of his or her minor child from a third party who has physical, but not legal, custody of the child, the parent is entitled to custody unless it be shown by clear and convincing evidence that the parent has lost his right to parental custody and control by abandonment of the child or other legal ground [i.e., OCGA §§ 19-7-1, 19-7-4]." *Miele v. Gregory*, 248 Ga. 93, 95 (281 SE2d 565) (1981). The habeas court was authorized to entertain the aunt's counterclaim (*Bryant v. Wigley*, 246 Ga. 155 (269 SE2d 418) (1980)), there being no question of an inconvenient or impermissible forum (*Canning v. Evans*, 250 Ga. 85, 86 (fn. 1) (295 SE2d 741) (1982)).

Our review of the evidence in this case reveals that, while there

520

was some evidence that the child's environment in the defendant's home is somewhat less than ideal, there was also evidence of her fitness as a custodian, and there was clear and convincing evidence that the plaintiff-father had lost his right to parental custody and control by at least one of the statutory legal grounds. Accordingly, the trial court did not abuse its discretion in awarding custody of the minor to the defendant-aunt.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 1984.

*Laronce Beard,* for appellant.
Patty Gaines, *pro se.*