A89A1144. IN THE INTEREST OF C. C. et al., children.

(387 SE2d 46)

POPE, Judge.

Appellant/mother brings this appeal from the denial of her motion to dismiss the petition for permanent custody filed by the grandparents based upon lack of jurisdiction and improper venue. The record shows that a petition was filed in June of 1985 alleging that appellant's four minor children were deprived because of unsanitary conditions found to exist in the home shared by appellant, the children and the children's father. Emergency temporary custody was awarded to the Rockdale County Department of Family and Children Services (DFCS) at that time; on July 2, 1985, the Rockdale County Juvenile Court entered another order continuing temporary custody with Rockdale DFCS. Appellant was found guilty of the offenses of deprivation of a minor and cruelty to children and was placed on probation. The children's father, whom appellant has since divorced, was found guilty of the same offenses and was incarcerated.

On May 9, 1986, the Rockdale County Juvenile Court entered an order awarding custody to Larry and June Cabe, the children's paternal grandparents, who reside in Franklin County, Georgia. Approximately one year later, on May 6, 1987, the juvenile court entered an order in which it consolidated its previous orders, continued temporary custody in the paternal grandparents and transferred the case to the Franklin County Juvenile Court. Both the 1986 and 1987 order provided that the Franklin County DFCS was to provide protective services for the children.

On April 13, 1988, the grandparents filed a Petition for Permanent Custody in the Juvenile Court of Franklin County. On May 11, 1988, the Juvenile Court of Franklin County issued an order providing that temporary custody of the children was to continue with the Franklin County DFCS. On May 19, 1988, appellant filed a special appearance and responsive pleading to the grandparents' petition for permanent custody in which she asserted that the Franklin County

Juvenile Court lacked jurisdiction to hear the petition and that venue was improper in that county. On December 15, 1988, the juvenile court denied appellant's motion to dismiss. We granted appellant's application for discretionary appeal. *Held*:

1. Appellant first contends that the juvenile court did not have subject matter jurisdiction to hear the grandparents' petition for permanent custody. We agree and reverse.

"Under OCGA § 15-11-5 (c), '(w)here custody is the subject of controversy, except in those cases where the law gives the superior courts exclusive jurisdiction, in consideration of these cases the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support *when the issue is transferred by proper order of the superior court.*' [Emphasis supplied.] There was no order of the superior court transferring the petition to the juvenile court here, and the jurisdiction obtained during the [original deprivation proceeding] could not serve to retain such jurisdiction. '(A)fter a court has determined who is to be the legal custodian of a child, [a complaint by the legal custodian seeking a change of legal custody or visitation rights *shall be brought as a separate action*] in compliance with Article VI, Section XIV, Paragraph VI of the Constitution of this state.' [Emphasis supplied.] (Indention omitted.) OCGA § 19-9-23 (a) and (b)." *Owen v. Owen*, 183 Ga. App. 472, 473 (359 SE2d 229) (1987). Consequently, we find no merit to the grandparents' argument that the juvenile court retained jurisdiction to hear their petition for permanent custody because the children had previously been adjudicated deprived. Although it is true that the juvenile court has exclusive jurisdiction to entertain petitions concerning children alleged to be deprived (see OCGA § 15-11-5 (a) (1) (C)), the record here shows that the grandparents' complaint for permanent custody was not in the nature of a deprivation petition and did not allege that they should be granted permanent custody of the children on the basis that the children were deprived. See *In re R. R. M. R.*, 169 Ga. App. 373 (312 SE2d 832) (1983) in which the proceedings were initiated by the filing of a deprivation petition.

Based on the foregoing, we agree with appellant that the proceedings were initiated in the wrong court, and that the juvenile court lacked original jurisdiction over the petition for permanent custody; consequently the juvenile court erred in refusing to dismiss the petition on that basis. See *Lockhart v. Stancil*, 258 Ga. 634 (373 SE2d 355) (1988); *Conroy v. Jones*, 238 Ga. 321, 322 (232 SE2d 917) (1977).

2. Because of our holding in Division 1, supra, it is unnecessary for us to consider appellant's remaining enumerations of error.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 6, 1989.

*Lyndon & Gilley, Jeffrey G. Gilley,* for appellant.
*Andrew J. Hill, Jr.,* for appellees.