A91A0588. IN THE INTEREST OF C. F., a child.
(406 SE2d 279)

SOGNIER, Chief Judge.

Grace Blackwell filed a petition in the Juvenile Court of Haber-

sham County seeking permanent custody of C. F., her deceased daughter's child. C. F.'s father and paternal grandparents filed a joint answer. We granted Blackwell's discretionary appeal from the Juvenile Court's denial of her petition and award of permanent legal custody of C. F. to the paternal grandparents.

The record reveals that Habersham County DFCS obtained temporary custody of C. F., who was then 13 months old and living in Blackwell's home, in July 1989 when her mother was killed in a train accident. At the time of her mother's death, C. F.'s father was in jail awaiting trial on charges of manufacturing marijuana. Although DFCS was awarded legal custody, the agency continued physical custody in Blackwell. In December 1989, Blackwell filed this petition in the juvenile court seeking temporary and permanent legal custody. In his answer, the father recognized the possibility that the court might find him unfit to be awarded custody of his daughter, and executed an affidavit stating that he had no objection to the court awarding permanent legal custody of C. F. to his natural parents, with whom he was then living. After the hearing held on the petition, the father and paternal grandparents filed an amendment to their answer withdrawing the father as a correspondent to the petition; alleging that the father no longer lived with his parents; and including an affidavit from the father surrendering his parental rights to C. F. in favor of his parents. Without further hearing, the trial court issued its order awarding the paternal grandparents permanent legal custody of C. F., finding that as a matter of law the paternal grandparents were entitled to custody by virtue of their son's "assignment [of custody] to them."

1. Blackwell contends the order is void because the juvenile court lacked subject matter jurisdiction. We agree and reverse.

*In the Interest of C. C.*, 193 Ga. App. 120, 121 (1) (387 SE2d 46) (1989) controls this appeal. Here, as in *C. C.*, there was no order of the superior court transferring the issue of custody so as to meet the requirements of OCGA § 15-11-5 (c) for juvenile court jurisdiction. Further, since DFCS admitted that both grandparental homes were suitable as placements for C. F., the record shows clearly that the child was not deprived so as to confer jurisdiction under OCGA § 15-11-5 (a) (1) (C). Accordingly, as in *C. C.*, supra, "we agree with appellant that the proceedings were initiated in the wrong court, and that the juvenile court lacked original jurisdiction over the petition for permanent custody." The fact that the wrong forum was chosen by appellant in this case changes nothing, as subject matter jurisdiction is not amenable to waiver. OCGA § 15-1-2; see generally *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991).

2. Our holding in Division 1, supra, renders unnecessary consideration of appellant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 4, 1991.

*Carey, Deal, Jarrard & Walker, Mary R. Carden*, for appellant.
*T. Andrew Dowdy*, for appellee.
Ronald Fowler, *pro se*.