A06A1206. IN THE INTEREST OF K. L. H., a child.
(636 SE2d 117)

RUFFIN, Chief Judge.

The Douglas County Juvenile Court found K. L. H., a ten-year-old girl living with her mother, to be deprived, and awarded temporary custody of K. L. H. to her father and paternal grandmother. The mother appeals, arguing that the juvenile court did not have jurisdiction over the deprivation proceeding because it was brought by a noncustodial parent to obtain custody from a custodial parent. For reasons that follow, we affirm.

K. L. H.'s parents were never married, and the father did not legitimate K. L. H., although he provided her support and had regular visits with her. She first came before the juvenile court on a truancy complaint because she had missed an excessive number of days from school. The father subsequently filed a deprivation petition in the juvenile court. He did not seek a change of custody in the petition, although he did file a petition for legitimation contemporaneously with the deprivation petition.

After a hearing,[1] the juvenile court found that K. L. H. was deprived and awarded temporary custody of her to the father and paternal grandmother. The juvenile court's order allowed the mother visitation and contemplated further review of the arrangement. The juvenile court based its finding of deprivation on the fact that K. L. H. had missed an excessive amount of school; that "she had an extended and extensive problem with hygiene, specifically with lice"; that she had been exposed to drug use by the mother; that the mother had knowingly permitted a registered sex offender to provide child care for K. L. H.; that an acquaintance of the mother was presently charged with attempted child molestation after getting into bed with K. L. H.; and that the mother was living with seven other individuals in a trailer.

The mother does not take issue with the juvenile court's conclusion that the child was deprived. Instead, she argues that the juvenile court did not have jurisdiction because the deprivation proceeding was a disguised custody dispute, and therefore outside the jurisdiction of the juvenile court.

Jurisdiction is a question of law to which we apply a de novo standard of review.[2] The juvenile court has exclusive original jurisdiction over a child alleged to be deprived.[3] Our Supreme Court has held, however, that if a deprivation proceeding "is actually a disguised custody matter, then it is outside the subject matter jurisdiction of the juvenile courts."[4] We must evaluate a deprivation petition "on its own merits," considering the specific facts of the case, in determining whether it is in fact a custody matter for the superior court.[5]

Here, the deprivation proceeding was brought by K. L. H.'s father, the noncustodial parent.[6] However,

---

[1] The mother's counsel attended the hearing, but the mother did not.

[2] See *Walker v. Dept. of Transp.*, 279 Ga. App. 287, 288 (1) (630 SE2d 878) (2006).

[3] See OCGA § 15-11-28 (a) (1) (C).

[4] *In re M. C. J.*, 271 Ga. 546, 548 (523 SE2d 6) (1999).

[5] Id.

[6] Compare *In the Interest of T. L.*, 269 Ga. App. 842, 842-843 (1) (605 SE2d 432) (2004) (deprivation petition brought by Department of Family and Children Services which asked that

[o]ur Supreme Court has explicitly rejected the idea that we must regard any deprivation or termination action between parents as a prima facie custody dispute. On the contrary, it has found only that juvenile courts should not entertain deprivation proceedings brought by a *non-custodial parent to obtain custody* from a custodial parent.[7]

In this case, there are valid allegations of deprivation that the mother has not contested and that support the juvenile court's decision to remove the child from her mother's home.[8] Upon finding K. L. H. deprived, the juvenile court was authorized to transfer temporary legal custody to relatives such as the father and paternal grandmother.[9]

While the father testified that he wanted custody of K. L. H., there was no evidence that he would have sought custody if she had not been deprived. He testified that in the past "the mother . . . was doing a pretty good job. Now, the company she keeps is just — I don't think it[']s appropriate." There were no previous custody disputes between the parents, and the father testified that the mother "has been very cooperative" in permitting him visitation.[10] And, unlike in *In the Interest of M. C. J.*,[11] the parent bringing the deprivation petition here is not seeking termination of the other parent's rights to the child, which would result in a de facto permanent change of custody. The pleadings in this case establish that the petition here was, at its base, a properly filed and factually supported deprivation petition.[12]

Under these circumstances, where there are unchallenged, valid allegations of deprivation and no evidence that the parents were engaged in any custody dispute prior to the instances of deprivation, we cannot say that the deprivation proceeding was a disguised

---

temporary custody be granted to father but contemplated reunification with the mother was not disguised custody proceeding).

[7] (Punctuation omitted; emphasis in original.) *In the Interest of K. N. C.*, 264 Ga. App. 475, 478-479 (1) (590 SE2d 792) (2003).

[8] See *In the Interest of H. D. T.*, 273 Ga. App. 863, 864-865 (616 SE2d 196) (2005) (juvenile court found children deprived and removed them from home due to frequent absences from school, head lice, mother's drug use, and lack of proper supervision); compare *In the Interest of K. R. S.*, 253 Ga. App. 678, 679 (1) (560 SE2d 292) (2002) (petition that did not make valid allegations of deprivation should be treated as custody dispute).

[9] See OCGA § 15-11-55 (a) (2).

[10] Compare *In the Interest of J. E. T.*, 269 Ga. App. 567, 569-570 (1) (604 SE2d 623) (2004) (where noncustodial parent sought termination of custodial parent's right to custody, and there was a pending change of custody case in superior court, deprivation proceeding was a disguised custody matter).

[11] Supra at 546.

[12] See id. at 548.

custody matter. Accordingly, the juvenile court properly exercised its jurisdiction over the deprivation proceeding.[13]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2006.

*Nathan E. Jackson, James J. Anagnostakis*, for appellant.
*Wayne D. Keaton*, for appellee.