## S09A0363. DOUGLAS v. DOUGLAS.
(678 SE2d 904)

CARLEY, Justice.

Gary Douglas (Father) and Elizabeth Douglas (Mother) were divorced in 1999. The final divorce decree awarded custody of the couple's one-year-old son to Father. Two years later, the Department of Family and Children's Services filed a petition in juvenile court, alleging that the child was deprived and seeking temporary custody. Prior to the final hearing on the petition, Father and Mother entered into an agreement to transfer custody of the child to Mother. After a hearing, the juvenile court incorporated the agreement into an order that transferred custody to Mother, provided for visitation by Father, and relieved the Department of any further custodial obligations.

Six years later, Father filed a petition for writ of habeas corpus in superior court, contending that the child should be returned to him because the juvenile court order awarded only temporary custody to Mother and has expired, and that he is still the child's legal custodian pursuant to the divorce decree. The habeas court denied the petition, finding that Mother is the legal custodian by

---

virtue of the juvenile court order incorporating the agreement to change custody. Father appeals.

1. Father claims that the habeas court erred in finding that Mother has legal custody of the child pursuant to the juvenile court order. Juvenile courts have exclusive original jurisdiction over cases in which a child is alleged to be deprived. OCGA § 15-11-28 (a) (1) (C). In this case, the juvenile court had authority to exercise its exclusive original jurisdiction because there was a bona fide allegation that the child was deprived. See *In the Interest of K. L. H.*, 281 Ga. App. 394, 395-396 (636 SE2d 117) (2006). In such a deprivation proceeding, the juvenile court may award temporary custody to another parent, but it does not have authority to grant permanent custody absent a transfer order from the superior court. OCGA § 15-11-28 (c) (1); *In the Interest of C. F.*, 199 Ga. App. 858, 859 (1) (406 SE2d 279) (1991); *In the Interest of C. C.*, 193 Ga. App. 120, 121 (1) (387 SE2d 46) (1989). Because the issue of permanent custody or modification of the divorce decree was not transferred to the juvenile court from the superior court, the juvenile court could only grant temporary custody to Mother in the deprivation proceeding. Accordingly, the habeas court erred when it concluded that the juvenile court had awarded permanent custody to Mother.

Moreover, the juvenile court's order, which disposed of the Department's deprivation proceeding, expired as a matter of law two years after it was entered. OCGA § 15-11-58.1 (a); *In the Interest of A. J.*, 269 Ga. App. 580, 581, fn. 2 (604 SE2d 635) (2004). Because Mother's temporary custody has expired, the habeas court erred when it concluded that she has legal custody of the child and that Father's claim of unlawful detainment of the child is not viable. See *Wood v. McGee*, 241 Ga. 242, 243 (244 SE2d 846) (1978).

2. Father further contends that the habeas court order amounts to an improper change of custody in violation of the Georgia Child Custody Intrastate Jurisdiction Act of 1978 (the Act). OCGA § 19-9-20 et seq. Prior to passage of the Act, habeas corpus was an appropriate process by which to seek a change of child custody. See *Matthews v. Matthews*, 238 Ga. 201 (232 SE2d 76) (1977); *Tyree v. Jackson*, 226 Ga. 690, 692 (1) (177 SE2d 160) (1970). However, the Act, which became effective in January of 1979, now specifically prohibits the use of a complaint in the nature of habeas corpus to seek a change of child custody. OCGA § 19-9-23 (d); *Munday v. Munday*, 243 Ga. 863 (257 SE2d 283) (1979). Instead, the Act mandates that "any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child." OCGA § 19-9-23 (a).

550

Although habeas corpus can no longer be used to seek a change in child custody, it can still be used by a legal custodian seeking to enforce a child custody order. See *Alvarez v. Sills*, 258 Ga. 18-19 (365 SE2d 97) (1988). However, even where a legal custodian brings such a habeas action, no complaint seeking to change custody may be made "[a]s a counterclaim or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order. . . ." OCGA § 19-9-23 (c) (1). This Court's decision in *Hutto v. Hutto*, 250 Ga. 116 (296 SE2d 549) (1982) is consistent with this statutory prohibition against a change of custody claim being raised in response to a habeas action brought to enforce a child custody order.

In *Hutto*, the mother, who had legal custody, filed a habeas action for the return of her daughter from the father, who had physical custody. The habeas court exercised its discretion, considered the best interests of the child and awarded custody to the father. *Hutto v. Hutto*, supra at 117. This Court reversed, noting that

> [OCGA § 19-9-24 (a)] provides that in no case, whether by complaint or by counterclaim in response to a habeas petition, shall the physical custodian . . . "be allowed to maintain against the legal custodian any action for . . . change of child custody so long as custody of the child is withheld from the legal custodian in violation of the custody order."

(Emphasis omitted.) *Hutto v. Hutto*, supra. This Court then held that the habeas court erred in allowing "the physical custodian to present evidence and essentially maintain an action [to change custody] against the legal custodian even though he was withholding custody of the child from the mother . . . in violation of the custody order . . . ." *Hutto v. Hutto*, supra.

The instant case is similar to *Hutto*, in that Father is the legal custodian pursuant to the divorce decree, and he properly brought a habeas action to enforce that decree. In response, Mother may not maintain an action to change custody based merely on changed circumstances. Rather, the habeas action must be resolved under the standard set forth in *Dein v. Mossman*, 244 Ga. 866, 868 (1) (262 SE2d 83) (1979). In that case, this Court cited the discretion given to habeas courts to determine custody under what is now OCGA § 9-14-2, and then explained that

> "[t]he trial court, upon hearing a writ of habeas corpus for the detention of a child, is vested with a discretion in

determining to whom its custody shall be given. Such discretion should be governed by the rules of law, and be exercised in favor of the party having the prima facie legal right to custody of the child *unless the evidence shows that such person has lost the right to custody through one of the ways recognized in [OCGA §§ 19-7-1 and 19-7-4], or through unfitness."* [Cits.] (Emphasis supplied.)

*Dein v. Mossman*, supra at 868 (1).

The dissent incorrectly claims that the habeas court should not apply the *Dein v. Mossman* standard, and should instead use the standard set forth in *Dearman v. Rhoden*, 235 Ga. 457, 458 (3) (219 SE2d 704) (1975), which would allow for a change of custody based on changed circumstances. The dissent's reliance on *Dearman* is misplaced because it was decided prior to the effective date of the Act. Since that case was decided when it was still appropriate to seek a change of custody in a habeas proceeding, the standard it used, considering a change in circumstances, is not applicable to this case, in which the legal custodian is simply seeking to enforce a child custody order.

Rather, as directed by *Dein v. Mossman*, the habeas court in this case should have exercised its discretion in favor of Father, as legal custodian, unless he has lost his right to custody through unfitness or one of the legal grounds set forth in OCGA §§ 19-7-1 and 19-7-4, such as voluntary contract releasing parental rights, consent to adoption, failure to provide necessaries, abandonment, or cruel treatment. See *Columbus v. Gaines*, 253 Ga. 518, 519-520 (322 SE2d 259) (1984) (habeas court affirmed where it denied father's petition for custody of daughter because he contracted away parental rights, failed to provide necessities and abandoned child, and was unfit as a parent). Nevertheless, "[i]t should be noted that the [mother] is not without recourse as [she] may file the proper complaint seeking a change in custody of the child in [the county of residence of the legal custodian]." *Hutto v. Hutto*, supra at 118.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully dissent to Division 2 of the majority opinion. OCGA § 19-9-23 (c) is inapplicable to this case because the mother has not raised nor asserted *any* claim or counterclaim for a change in legal custody in response to this habeas action. The habeas court's decision to leave the child with his mother was an unprompted exercise of its own discretion pursuant to OCGA § 9-14-2 which

unequivocally provides:

> In all writs of habeas corpus sought on account of the detention of a spouse or child, the court on hearing all the facts **may exercise its discretion as to whom the custody of the spouse or child shall be given** and shall have the power to give the custody of a child to a third person.

(Emphasis supplied.) Our decision in *Hutto v. Hutto*, 250 Ga. 116, 117 (296 SE2d 549) (1982) failed to reconcile this statutory mandate and what was, at that time, the newly enacted Child Custody Intrastate Jurisdiction Act. *Hutto* also did not concern or contemplate facts as in the case at bar where the non-legal custodial parent is innocent of any wrongdoing or intentional manipulation of the custody terms awarded in the divorce decree. Indeed, in *Hutto*, the non-legal custodial parent acted without any authority, unilaterally removing the child from school and withholding her from the legal custodian. In this case, the child came into the mother's custody by a lawful order. Thus, this case may be distinguished from *Hutto*.

The majority's insistence that OCGA § 19-9-23 (c) applies in this case also leads to an unjust result. The child has not lived with his father since 2001 when the child was removed from his father's care on suspicion of deprivation. His mother did not improperly abscond with the child, but took custody of him by lawful order of the juvenile court and, presumably in reliance on that order, the child has been living in the mother's care since 2002. For over six years, the father has done nothing to challenge the validity of the juvenile court order or to otherwise assert his rights as a legal custodian.[1] Now the child's life will be significantly disrupted and the mother penalized in favor of a technicality as "reward" for the father's lack of diligence. Such result does nothing to further the goal of Georgia's Child Custody Intrastate Jurisdiction Act to prevent parental kidnapping.

---

[1] The first opportunity to challenge the juvenile court order would have been by appealing the order within thirty days of its entry on June 20, 2002, but the father did not seek an appeal. The father's second opportunity to act on his legal rights came two years later in June 2004 when the juvenile court order purportedly expired per OCGA § 15-11-58.1; however, appellant did nothing to assert his rights for almost four more years. "The stability of the family and of society demands that one who intends to attack an apparently valid [domestic relations decree] . . . should proceed with the utmost promptness." *Amerson v. Vandiver*, 285 Ga. 49, 50 (673 SE2d 850) (2009) (the equitable doctrine of laches applied to prohibit the set aside of a settlement agreement wherein father agreed to the termination of his parental rights and where father waited four years to move to set aside); *Howington v. Howington*, 281 Ga. 242 (1) (637 SE2d 389) (2006); *Ehrhart v. Brooks*, 231 Ga. 272 (201 SE2d 464) (1973) (claimant, after four years, was barred by laches from seeking to set aside adoption).

Accordingly, in the particular circumstances of this case, I would remand the matter to allow the habeas court to exercise its discretion to determine custody pursuant to OCGA § 9-14-2 by using the following standard:

> [I]n order to change that award of custody [made in a divorce decree] the trial court does not necessarily have to find that the legal custodian has forfeited [his] parental rights under [OCGA §§ 19-7-1 and 19-7-4]. In order to change custody from one parent to the other, "[t]here must be a showing that the party to whom custody was originally awarded is no longer able or suited to retain custody *or* that the conditions and circumstances surrounding the child have so changed that the welfare of the child would be enhanced by modifying the original judgment." [Cit.]

*Dearman v. Rhoden*, 235 Ga. 457, 458 (3) (219 SE2d 704) (1975) (emphasis in original), overruled on other grounds, *Matthews v. Matthews*, 238 Ga. 201 (232 SE2d 76) (1977).[2]

DECIDED JUNE 15, 2009.

*Rainwater & Harpe, David N. Rainwater, J. Mitchell Gibbs*, for appellant.

*Dewey N. Hayes, Jr.*, for appellee.

---

[2] I respectfully disagree that *Dein v. Mossman*, 244 Ga. 866 (262 SE2d 83) (1979), cited by the majority, sets forth the relevant standard to be used because it is distinguishable insofar as it concerns a habeas proceeding in which custody is disputed between a parent and a third party in an underlying adoption in which the parent had agreed to terminate her rights.

