**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 25, 2013**

# In the Court of Appeals of Georgia

A12A1851. ALBERTI v. ALBERTI.

McMILLIAN, Judge.

At issue is whether the trial court erred in failing to dismiss the complaint of Andre J. Alberti (the Father) for change of custody because his action was an impermissible response to the habeas corpus petition of Ashley R. Alberti (the Mother). We conclude that the Father's complaint was not barred by OCGA § 19-9-23 (c) (1) and therefore affirm the trial court's order awarding primary physical custody of the children to the Father.[1]

---

[1] The Mother filed this appeal in our Supreme Court, which transferred her appeal to this Court because, among other reasons, "this child custody case is a separate case from the previous habeas corpus case between the parties," and so did not come within the Supreme Court's jurisdiction over habeas corpus cases.

The record shows that the Father and Mother, both residents of Columbia County, are the divorced parents of two minor children. The divorce decree designated the Mother as the custodial parent of the son as of June 2, 2010. The daughter was born after the divorce, and the superior court ordered the Father to pay child support to the Mother on account of the daughter.

On September 15, 2011, the Mother filed a petition for writ of habeas corpus in the Superior Court of Columbia County alleging that the Father was illegally detaining, restraining, and withholding custody of their minor children under pretext of a void order of the Juvenile Court of Columbia County, Georgia. At the conclusion of the habeas hearing on September 26, 2011, the habeas court announced that it was going to grant the habeas petition and place the children with the Mother. The Father filed a complaint for change of custody and other relief in the Superior Court of Columbia County on September 29, 2011. The habeas court entered its writ of habeas corpus on October 5, 2011, finding that the parties' rights to their son were governed by the divorce decree and that the Father had no custodial rights to their daughter, and accordingly ordered the children's immediate return to the Mother.

The Mother answered the Father's complaint for change of custody and asserted as an affirmative defense that the complaint was barred by reason of OCGA

§ 19-9-23 (c) (1). The trial court held a "thirty day conference" on the Father's complaint, at which time the trial court heard argument on, and overruled the Mother's affirmative defense. Following a bench trial, the trial court entered its final judgment finding, among other things, that following the entry of the final divorce decree there had been a significant change of circumstances, and it awarded primary physical custody of the children to the Father.

On appeal, the Mother argues that the trial court erred in overruling her affirmative defense because the Georgia Child Custody Intrastate Jurisdiction Act, OCGA § 19-9-20 et seq., prohibited the Father's complaint for change of custody inasmuch as his complaint was filed in response to her petition for writ of habeas corpus. In resolving this issue, the parties agree that the controlling statute is OCGA § 19-9-23. The interpretation of this statute is a question of law, which we review de novo. See *American Gen. &c. Ins. Co. v. Vance,* 297 Ga. App. 677 (678 SE2d 135) (2009).

OCGA § 19-9-23 provides:

> (a) Except as otherwise provided in this Code section, after a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall

be brought as a separate action in the county of residence of the legal custodian of the child.

(b) A complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state.[2]

(c) *No complaint specified in subsection (a) or (b) of this Code section shall be made: (1) As a counterclaim or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order*; or (2) In response to any other action or motion seeking to enforce a child custody order.

(d) The use of a complaint in the nature of habeas corpus seeking a change of child custody is prohibited.

(Emphasis supplied.)

---

[2] Article VI, Section II, Paragraph VI of the Georgia Constitution of 1983 states: "All other civil cases, except juvenile court cases as may otherwise be provided by the Juvenile Court Code of Georgia, shall be tried in the county where the defendant resides; venue as to corporations, foreign and domestic, shall be as provided by law; and all criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county."

The Mother argues that OCGA § 19-9-23 (c) (1) places an unequivocal restriction on the filing of a complaint– in any manner– in response to a petition for a writ of habeas corpus seeking to enforce a child custody order. We have previously said, however, that OCGA § 19-9-23, as a whole,

> contemplates that "a complaint seeking to obtain a change of legal custody" theoretically could be filed as a formal complaint in a separate action or as a counterclaim. Subsection (a) requires such a complaint to be filed in a separate action in the legal custodian's county of residence. Subsection (c) then prohibits filing such a complaint as a counterclaim under certain circumstances. Subsection (c) has meaning because it clarifies that counterclaims which may be compulsory under OCGA § 9-11-13 (a), are prohibited.

(Punctuation omitted.) *Wilson v. Baldwin*, 239 Ga. App. 327, 328 (519 SE2d 251) (1999). Accord, *Terry v. Garibaldi*, 274 Ga. App. 405 (618 SE2d 6) (2005) (citing *Wilson* for the proposition that OCGA § 19-9-23 (c) equates "complaint" with "counterclaim" for purposes of the Statute). Under this analysis, the Father did what was required. He did not file a counterclaim in response to the Mother's habeas corpus petition. Rather, he filed a separate action in the Mother's county of residence, which happened to be in the same county in which the petition for habeas corpus was filed.

5

The conclusion that the Father complied with OCGA § 19-9-23 is reinforced by decisions of our Supreme Court. In *Douglas v. Douglas*, 285 Ga. 548 (678 SE2d 904) (2009), the parties' final divorce decree awarded custody of their son to the appellant father. The juvenile court transferred custody of the child to the mother, and the father later filed a petition for habeas corpus, which the habeas court denied. Id. On appeal, the Supreme Court reversed and, among other things, agreed with the father that the mother could not maintain an action to change custody based on changed circumstances and that the "habeas action" could not be decided under a standard of changed circumstances. Id. at 550-551 (2). However, citing *Hutto v. Hutto*, 250 Ga. 116, 118 (296 SE2d 549) (1982), the Supreme Court noted "that the mother is not without recourse as she may file the proper complaint seeking a change in custody of the child in the county of residence of the legal custodian." (Punctuation omitted.) *Douglas*, 285 Ga. at 551 (2). The Mother suggests that this proposition is only dicta. Whether the Supreme Court's directive to the appellees in *Douglas* and *Hutto* is binding authority or only persuasive, we find it applies here. It necessarily follows that the Mother's habeas action did not preclude the Father from filing a separate complaint against the Mother for change of custody.

6

Admittedly, OCGA § 19-9-23 (c) (1) prohibits more than express counterclaims in "response" to a habeas petition seeking to enforce a child custody order. For example, neither *Hutto* nor *Douglas* involved the habeas court's consideration of a counterclaim. Rather, in *Hutto*, the habeas court dismissed the counterclaim to the habeas petition but erred in "allow[ing] the physical custodian to present evidence and essentially maintain an action against the legal custodian even though he was withholding custody of the child[.]" *Hutto*, 250 Ga. at 117. And the Court in *Douglas* adopted the reasoning of *Hutto* as "consistent with [the] statutory prohibition against a change of custody claim being raised in response to a habeas action brought to enforce a child custody order." *Douglas*, 285 Ga. at 550 (2). Here, however, the question presented is not whether the habeas court erroneously allowed the Father to pursue a change of custody claim, whether by counterclaim or otherwise, within the habeas action itself, but whether the Father could maintain a separate action for change of custody in the Mother's county of residence. To reiterate, both *Hutto* and *Douglas* indicate that such a separate action was the Father's proper recourse.

Given the foregoing, even if it can be said that the Father's decision to file a petition for change of custody was predicated on the Mother's successful petition for

habeas corpus, the Father's petition was not a forbidden "response" to the Mother's petition for purposes of OCGA § 19-9-23 (c) (1). Although the Father announced his intention to file a change of custody action at the habeas hearing after it became clear that the habeas court would rule in favor of the Mother and the trial court later acknowledged that the Father had announced that intent, those facts do not, in our view, make the Father's complaint for change of custody a "response" to the habeas petition under OCGA § 19-9-23 (c) (1). Otherwise, the Father could have been precluded from ever filing a complaint for change of custody after the Mother's habeas petition.

The Mother also shows that the Father filed his complaint for change of custody six days before the habeas court entered its writ of habeas corpus. However, by its express provisions, the Father's complaint acknowledges that his custody of the children pursuant to the order of the juvenile court was overturned by the superior court in the Mother's action for habeas corpus. Thus, if a few days premature, the Father's action is accurately premised on the success of the Mother in the habeas action and was adjudicated on that basis, and the Mother does not show any fatal

defect in the Father's complaint.[3] Rather, the Father's separate action for change of custody was permissible under the reasoning of *Hutto* and *Douglas*. Accordingly, we conclude that the trial court did not err in overruling the Mother's affirmative defense.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*

---

[3] We must note that although we consider the Father's complaint to be valid under these circumstances, we are not thereby concluding that a separate action for change of custody must always be allowed during the pendency of a habeas action to enforce a custody order. See OCGA § 19-9-24 (a) ("[a] physical custodian shall not be allowed to maintain against the legal custodian any action for . . . child custody . . . so long as custody of the child is withheld from the legal custodian in violation of the custody order.").