In the Supreme Court of Georgia

Decided:  June 6, 2016

S16A0200.  BALES v. LOWERY.

NAHMIAS, Justice.

Jennifer Bales appeals the trial court's order denying her petition for habeas corpus seeking the return of her older daughter from the child's father, Steven Lowery.  We conclude that the trial court erred in denying the petition and therefore reverse.

1.    Jennifer Bales (Mother) and Steven Lowery (Father) divorced in Wilkinson County in 2013.  The divorce decree, which incorporated the parties' settlement agreement, awarded them joint legal and physical custody of their two daughters; said that "[c]ustodial time shall be shared between the parties to allow for the children to have equal time with both parents and the parents shall cooperate with each other to reach this goal," but specified that the girls would reside with Mother during the school year; and gave Mother final decision-making authority in matters involving the girls' education.  The decree also

included a default visitation schedule that gave Father the girls for "the entirety of the summer break from school" except for one week, but required him to return the children to Mother five days before the start of the new school year.

The decree also included an unusual provision giving Husband the right to "take temporary physical custody immediately" should "Wife be incarcerated for any reason" or should "either of the minor children advise both parents that she wishes to reside on a full time basis with [Husband]." Husband then would be required to "file, within 30 days, a petition in the appropriate court, for the change of custody of the minor child(ren) to be approved by the Superior Court," and "[i]n the intervening time, the custodial time assigned to [Husband] shall be applicable to [Wife], unless she is incarcerated, until and unless the Court rules otherwise." Both parties were unemployed at the time of the divorce, and in light of the time-sharing arrangement contemplated by the divorce decree, neither was ordered to pay the other child support.

At some point, Father moved to Baldwin County, and Mother moved to Henry County. Mother allowed the parties' older daughter, Jamie, to reside with Father in Baldwin County and attend school there during the 2013-2014 and 2014-2015 school years, but disagreements about custodial time and the girls'

2

proper care eventually arose, and Mother decided not to allow Jamie to reside with Father in Baldwin County and attend school there during the 2015-2016 school year. Instead, Mother decided that, as provided in the divorce decree, Jamie would reside with Mother and attend public school in Henry County with her younger sister. However, Father refused to return Jamie to Mother at the end of the 2015 summer school break.[1]

On August 6, 2015, Mother filed a petition for writ of habeas corpus against Father in the Baldwin County Superior Court. Both parties appeared with counsel at a hearing held the next day, and Father's attorney told the trial court (apparently inaccurately) that Father had filed a petition for change of custody in Henry County.[2] The court interviewed Jamie outside the presence of the parties and their attorneys and then informed them that the girl – who was

---

[1] During the 2015 summer break, Mother also filed an action in Baldwin County seeking to modify the divorce decree's default visitation schedule and to impose a child support obligation on Father. This action, which apparently remains pending, has not resulted in any modification of the decree's provisions awarding Mother custody of the children during the school year and control over educational decisions.

[2] According to the Henry County Superior Court's online docket, Father did not file a custody modification petition there until November 16, 2015; that petition is still pending. It appears that in April 2015, Father filed a contempt petition against Mother in Henry County relating to his visitation with the younger child. That petition was transferred to Wilkinson County, where it apparently remains pending.

then 11 years old – said that she wanted to reside with Father in Baldwin County and continue going to school there. The court then announced that it would deny Mother's habeas petition and instructed the parties to resolve their custody dispute in the Henry County modification proceeding that Father supposedly had already filed.

On August 13, 2015, the trial court signed an order denying Mother's habeas petition, although the order was not filed until August 20. In the order, which was prepared by Mother's lawyer, the court found that the new school year had started; that Mother had a valid, unmodified child custody order that specified that both girls would reside with her during the school year; that Mother had final decision-making authority regarding the girls' education; and that she had decided that both girls would attend public school in Henry County where Mother lives.

Mother filed a timely notice of appeal to this Court. Father, who is proceeding pro se on appeal, did not file a brief here.

2. When a parent withholds a child from the other parent in violation of a valid child custody order, the other parent may seek to secure the return of the child by filing a habeas corpus petition in the judicial circuit where the child

4

is allegedly being detained illegally.  See OCGA §§ 9-14-1 (b) ("Any person alleging that another person in whom for any cause he is interested is kept illegally from the custody of the applicant may seek a writ of habeas corpus to inquire into the legality of the restraint"), 9-14-4 (requiring presentation of a habeas petition to a "judge of the superior court of the circuit in which the illegal detention exists" or to the county probate court judge); <u>Alvarez v. Sills</u>, 258 Ga. 18, 18-19 (365 SE2d 107) (1988).  As we have explained before, the trial court,

> upon hearing a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given.  Such discretion should be governed by the rules of law, [however,] and be exercised in favor of the party having the prima facie legal right to custody of the child unless the evidence shows that such person has lost the right to custody through one of the ways recognized in [OCGA §§ 19-7-1 and 19-7-4], or through unfitness.

<u>Douglas v. Douglas</u>, 285 Ga. 548, 550-551 (678 SE2d 904) (2009) (citations and punctuation omitted).  Since statutory changes made in 1979, habeas corpus cannot be used to seek a change in child custody, and even when a legal custodian brings a habeas action, "no complaint seeking to change legal custody or visitation rights may be made '[a]s a counterclaim or in any other manner in

response to a petition for a writ of habeas corpus seeking to enforce a child custody order . . . .' OCGA § 19-9-23 (c) (1)." Douglas, 285 Ga. at 550.

Father did not allege, and the trial court did not find, that Mother had lost her right to custody of their older daughter through unfitness or one of the legal grounds set forth in OCGA §§ 19-7-1 and 19-7-4, such as a voluntary contract releasing parental rights to a third person, consent to an adoption, failure to provide necessaries, abandonment, or cruel treatment. Nor did Father allege, or the trial court's order find, that school-year custody of the child had been transferred to Father under the decree's odd temporary custody provision. The trial court was therefore required to exercise its discretion in favor of Mother as the child's prima facie custodian during the school year.[3] See Douglas, 285 Ga. at 551. The court was not entitled to disregard the custody provisions of the divorce decree on the ground that there had been a material change in circumstances warranting modification and that it was in the child's best interest to continue residing with Father in Baldwin County. See Hutto v. Hutto, 250

---

[3] Accordingly, we need not address Mother's additional arguments (or decide if they are cognizable in habeas) that the temporary custody provision is an unenforceable self-executing change-of-custody provision, and that the trial court erroneously failed to enforce her final decision-making authority regarding educational matters.

6

Ga. 116, 118 (296 SE2d 549) (1982). Accordingly, the trial court erred in not ordering Father to return Jamie to Mother. See id. If Father wishes to change the custody provisions of the divorce decree, he may seek to do so through the modification action that he has filed in Henry County where Mother resides. See id.

Judgment reversed. All the Justices concur.