S12G0452. ERTTER et al. v. DUNBAR.

(734 SE2d 403)

BENHAM, Justice.

The question posed by this appeal is whether a superior court is able to exercise its jurisdiction to award permanent custody of a child when a juvenile court previously found the child to be deprived and placed the child in the custody of a "willing" and "qualified" relative until the child turns eighteen years old. In *Dunbar v. Ertter*, 312 Ga. App. 440 (718 SE2d 350) (2011), the Court of Appeals, employing the principle of priority jurisdiction, answered the question in the negative; we granted the petition for a writ of certiorari and now answer the question in the affirmative. The case before us is not one in which the principle of priority jurisdiction can be invoked because only one court, the superior court, has jurisdiction to award permanent custody of a child. Accordingly, we reverse the judgment of the Court of Appeals.

On June 30, 2008, the Juvenile Court of Coweta County found a female child born in May 2006 to be deprived due to the June 2008 deaths of her parents, and the juvenile court placed the child in the temporary custody of her maternal grandmother, appellee Denise Dunbar, a resident of Cobb County. On October 10, 2008, the juvenile court gave Mrs. Dunbar custody of the child until she turns eighteen years of age. See OCGA § 15-11-58 (i). Appellants Shannon and Michael Ertter, the child's aunt and uncle,[1] were not parties to the juvenile court deprivation proceeding. In August 2008, shortly after the deaths of the child's parents, the Ertters filed a petition for permanent custody of the child in the Superior Court of Cobb County. That petition was amended to seek a change of custody following the juvenile court's order giving Mrs. Dunbar long-term custody of the child. In June 2010, the Superior Court of Cobb County found it was in the child's best interests that permanent custody of the child be

---

[1] Mrs. Ertter is the sister of the child's deceased mother and the daughter of Mrs. Dunbar.

given to the Ertters. A divided Court of Appeals reversed the judgment of the Cobb County superior court by application of the doctrine of priority jurisdiction: where courts have concurrent jurisdiction in a matter, the court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed in the case. *Dunbar* at 441. After finding that both courts had jurisdiction to enter their respective orders, the Court of Appeals ruled that the existence of the juvenile court's order giving custody to the grandmother prevented the superior court from exercising its jurisdiction to award permanent custody of the child to the aunt and uncle. Id. We granted the petition for a writ of certiorari, asking the parties to address whether the Court of Appeals properly determined that the superior court erred in exercising jurisdiction in the custody matter.

The doctrine of priority jurisdiction, a version of which is embodied in OCGA § 23-1-5,[2] is invoked to determine which court with concurrent jurisdiction will retain that jurisdiction. The basic requirement for the invocation of priority jurisdiction is the existence of concurrent jurisdiction, that is, "[t]he jurisdiction of several different tribunals, each authorized to deal with the same subject-matter at the choice of the suitor." Black's Law Dictionary (5th ed. 1979). See, e.g., *Lincoln v. State*, 138 Ga. App. 234, 235 (225 SE2d 708) (1976) (juvenile and superior courts have concurrent jurisdiction over a youthful offender alleged to be delinquent and under indictment); *Long v. Long*, 303 Ga. App. 215, 218 (692 SE2d 811) (2010) (juvenile and superior courts have concurrent jurisdiction over the temporary custody of children alleged to be deprived and whose parents' divorce action is pending). The principle of priority jurisdiction cannot be invoked in the case before us to prevent the superior court from exercising its jurisdiction because the juvenile court does not have jurisdiction over petitions for permanent custody of a child.

The Georgia Constitution bestows on superior courts "jurisdiction in all cases, except as otherwise provided in this Constitution. . . ." 1983 Ga. Const., Art. VI, Sec. IV, Par. I; *Brine v. Shipp*, 291 Ga. 376, 377 (729 SE2d 393) (2012); *Stone-Crosby v. Mickens-Cook*, 318 Ga. App. 313, 314 (1) (733 SE2d 842) (2012). Courts of limited jurisdiction, one of which is the juvenile court, "shall have uniform jurisdiction as provided by law." 1983 Ga. Const., Art. VI, Sec. III, Par. I. A statute gives the juvenile court exclusive original jurisdiction over a deprivation action in which there is a bona fide allegation that the child is deprived. OCGA § 15-11-28 (a) (1) (C). The juvenile

---

[2] "Where law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it, unless a good reason shall be given for the interference of equity."

court also has exclusive original jurisdiction for the termination of parental rights in most cases; the superior court has concurrent jurisdiction to terminate parental rights when the termination is in connection with an adoption proceeding. OCGA § 15-11-28 (a) (2) (C). A statute also provides the juvenile court with concurrent jurisdiction to hear any legitimation petition or issue of custody and support that is transferred to the juvenile court by proper order of the superior court. OCGA § 15-11-28 (c) (1), (e) (1). In a deprivation hearing over which the juvenile court has exclusive jurisdiction, the juvenile court may award temporary custody of the child adjudicated to be deprived; however, it does not have authority to award permanent custody without a transfer order from a superior court. OCGA § 15-11-28 (c) (1). A juvenile court has statutory authority to place the child in the custody of a "willing" and "qualified" relative until the child's eighteenth birthday, if the juvenile court finds, as it found in the case before us, that reasonable efforts to reunify the deprived child with her family would be detrimental to the child and that it was not in the child's best interest to refer the case for termination of parental rights and adoption. OCGA § 15-11-58 (i) (1) (A).[3]

There is no statute that gives a juvenile court jurisdiction over a petition for permanent custody of a child in the absence of a transfer order from a superior court (OCGA § 15-11-28 (c) (1); *Douglas v. Douglas*, 285 Ga. 548 (1) (678 SE2d 904) (2009)), and there is no transfer order in the case before us. See also *Wiepert v. Stover*, 298 Ga. App. 683 (3) (680 SE2d 707) (2009) (a complaint for permanent custody that does not seek custody on the basis that a child is deprived is not a matter over which the juvenile court has exclusive original jurisdiction). The juvenile court's authority to place a child in the custody of a "willing" and "qualified" relative is not authority to award permanent custody of the child, as the latter is determined by discerning the best interests of the child and not the willingness or the qualifications of a person to take temporary custody of the child. Since the superior court and the juvenile court did not have concurrent jurisdiction over the issue of permanent custody of the child, it was error for the Court of Appeals to rely on the principle of priority jurisdiction to hold that the superior court could not exercise jurisdiction of the Ertters' petition for permanent custody of the child. See

---

[3] The placement/custody order "may be modified following a petition for modification by a party or upon motion of the court pursuant to OCGA § 15-11-40." OCGA § 15-11-58 (i) (1) (D). Such a long-term temporary custody arrangement is subject to triennial review on the issue of whether the person to whom custody has been given "continues to be qualified to receive and care for the child. . . ." OCGA § 15-11-58 (i) (2).

*Snyder v. Carter*, 276 Ga. App. 426 (623 SE2d 241) (2005). Accordingly, we reverse the judgment of the Court of Appeals and remand the case to that court for proceedings consistent with this opinion.
    *Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Dupree & Kimbrough, Hylton B. Dupree, Jr., Ronne G. Kaplan, Jean M. Kutner*, for appellants.
    *Bruce W. Phillips*, for appellee.

