**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 16, 2013

# In the Court of Appeals of Georgia

A13A0758; A13A0759. ALLIFI v. RAIDER; GREEN v. RAIDER.

MILLER, Judge.

These consolidated appeals arise from Jonas Raider's petition to legitimate his then two-year-old son, and the subsequent petition of the child's step-father to adopt the child. The trial court denied the legitimation petition, and this Court subsequently denied Raider's application for discretionary review. Thereafter, Raider filed a motion to set aside judgment pursuant to OCGA § 9-11-60 (d) (1), on the ground that the superior court lacked jurisdiction over the legitimation petition based on Raider's prior acknowledgment of legitimation pursuant to OCGA § 19-7-22 (g) (2). The superior court granted Raider's motion to set aside, and concurrently denied step-father Ben Green's pending petition to adopt the child. These consolidated appeals ensued.

In Case No. A13A0758, Jessica Allifi, the child's mother, contends that the trial court erred in granting Raider's motion to aside the final judgment denying his legitimation petition.[1] In Case No. A13A0759, Green also challenges the trial court's order granting Raider's motion. For the reasons that follow, we reverse and remand.

This Court will not reverse a trial court's ruling on a motion to set aside unless the trial court abused its discretion. See *Barner v. Binkley*, 304 Ga. App. 73, 74 (1) (695 SE2d 398) (2010).

So viewed, the evidence showed that the minor child, T. R., was born on March 24, 2008. Raider was present at the child's birth and signed the birth certificate. The day after T. R's birth, Raider and Allifi signed a paternity acknowledgment, which included a statement indicating that the relationship between Raider and T. R. shall be considered legitimate for all purposes under the law, pursuant to OCGA § 19-7-22 (g) (2).

---

[1] Raider brought his motion to set aside for lack of jurisdiction over the subject matter under OCGA § 19-11-60 (d) (1), and Allifi contends that the trial court erred in granting the motion to set aside based on a lack of jurisdiction. We note, however, that the trial court specifically based its grant of Raider's motion to set aside on a mistake of fact, not lack of jurisdiction. See OCGA § 9-11-60 (d) (2).

In December 2008, Raider and Allifi became engaged, and Raider moved in with Allifi and T. R. in June 2009. In February 2010, Raider and Allifi separated. For the next eight months, Raider had regular visitation with T. R.

In September 2010, Raider filed his petition to legitimate T. R. At the evidentiary hearing on Raider's motion, the evidence showed that Raider had posted photographs on the internet showing him smoking marijuana, failed to provide appropriate care when T. R. had a fever and when he ingested prescription medication, and posted inappropriate photos of then two-year-old T. R. on the internet. The trial court subsequently denied Raider's petition, finding that legitimation was not in T. R.'s best interest. In July 2011, this Court denied Raider's application for discretionary review of the order denying legitimation.

In March 2012, Raider filed a motion to set aside the judgment on his legitimation petition. In April 2012, Green filed a petition in superior court to adopt T. R. pursuant to OCGA § 19-8-10. Green alleged that Raider failed to exercise proper parental care or control due to certain alleged misconduct including posting photographs on the internet showing him smoking marijuana, failing to provide appropriate care when T. R. had a fever and when T. R. ingested prescription medication, and posting inappropriate photos of T. R. on the internet.

3

Thereafter, Allifi moved for summary judgment on Raider's motion to set aside, arguing that the motion was barred by the doctrines of res judicata and collateral estoppel. The trial court subsequently granted Raider's motion to set aside the judgment on his legitimation petition, finding that its original order denying legitimation lacked validity because it was based upon a mistake of fact and was preempted by the parties' acknowledgment of legitimation. The trial court also denied Green's pending adoption petition, finding that Raider's alleged misconduct was not so serious that his parental rights should be terminated.

Case No. A13A0758

1. Allifi contends that the trial court erred in granting Raider's motion to set aside the final judgment denying his legitimation petition. We agree.

The Georgia Constitution confers broad original jurisdiction upon superior courts. The Constitution provides that "[t]he superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution." 1983 Ga. Const., Art. VI, Sec. IV, Par. 1; see also *Ertter v. Dunbar*, 292 Ga. 103, 104 (742 SE2d 403) (2012). Moreover, superior courts have subject matter jurisdiction over legitimation petitions filed by fathers of children born out of wedlock. See OCGA § 19-7-22 (a);

4

see also *Brine v. Shipp*, 2914 Ga. 376, 379 (3) (729 SE2d 393) (2012). Accordingly, the superior court had jurisdiction over Raider's petition to legitimate T. R.

A father's right to legitimate his child is absolute, subject only to the qualification that the natural mother may object. See *In re Pickett*, 131 Ga. App. 159, 161 (205 SE2d 522) (1974).

OCGA § 19-7-22 (g) (2) provides that:

[i]n any voluntary acknowledgment of paternity which has been made and has not been rescinded pursuant to Code Section 19-7-46.1, when both the mother and father freely agree and consent, the child *may be legitimated* by the inclusion of a statement indicating a voluntary acknowledgment of legitimation.

(Emphasis supplied). The history of the legitimation statute shows that the legislature intended to provide a statutory right whereby a father could legitimate his child born out of wedlock and the child could then inherit from the father's estate and enjoy the father's name. See *In re Pickett*, supra, at 160, n. 1. Moreover, the current version of OCGA § 19-7-22 was enacted in 2005 to provide for legitimation by a voluntary acknowledgment of paternity and legitimation in certain circumstances. See Ga. L. 2005, p. 1491, § 1.

5

In 2008, the legislature enacted Ga. L. 2008, p. 667, § 4, which clarified the methods of legitimation of a child and included enactment of the new statutory provision set forth in OCGA § 19-7-21.1. That statute, which became effective July 1, 2008, provides in pertinent part:

> Acknowledgment of legitimation means a written statement contained in a voluntary acknowledgment of paternity form indicating that a mother and father of a child born out of wedlock have freely agreed and consented that the child *may be legitimated. . . .* Prior to the child's first birthday, a father of a child born out of wedlock *may render his relationship with the child legitimate* when both the mother and father have freely agreed, consented, and signed a voluntary acknowledgment of paternity and an acknowledgment of legitimation which have been made and have not been rescinded pursuant to Code Section 19-7-46.1.[2]

---

[2]OCGA § 19-7-46.1 (b) provides:

When both the mother and father have signed a voluntary acknowledgment of paternity and the acknowledgment is recorded in the putative father registry established by subsection (d) of Code Section 19-11-9, the acknowledgment shall constitute a legal determination of paternity, subject to the right of any signatory to rescind the acknowledgment prior to the date of the support order, any other order adjudicating paternity, or 60 days from the signing of the agreement, whichever is earlier.

(Punctuation omitted, emphasis supplied). This Court has noted that OCGA § 19-7-21.1 circumvents the safeguards inherent in OCGA § 19-7-22, which requires a petition in Superior Court and a finding that legitimation is in the best interest of the child. See *Sauls v. Atchison*, 316 Ga. App. 792, 793, n.1 (730 SE2d 459) (2012). Moreover, this case shows that there is obvious potential for a statutory acknowledgment of legitimation to create significant difficulties for our trial judges and practitioners, and may result in inconsistent findings due to the unnecessary filing of petitions for legitimation. See id.

Here, in this very case, in ruling on Raider's motion to set aside the order denying his legitimation petition, the trial court specifically noted that it was unaware that the child had been administratively legitimated. The trial court then granted Raider's motion to set aside, finding that the legitimation order was invalid because it was based on a mistake of fact and was preempted by the administrative legitimation. Although this case *specifically highlights the potential for inconsistent findings* with regard to the filing of a legitimation petition and the validity of a voluntary acknowledgment of legitimation, this Court is constrained to reverse the grant of Raider's motion to set aside the order denying his legitimation petition.

It is clear that Raider was aware of the voluntary acknowledgment of paternity at the time he filed his legitimation petition. Since Raider should have brought the voluntary acknowledgment of legitimation to the trial court's attention prior to judgment on his legitimation petition, he cannot now use the existence of this document as a basis to set aside the trial court's final judgment thereon. See *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 217 (4) (517 SE2d 571) (1999) (ruling that defendant failed to show that he was entitled to relief from judgment for fraud under OCGA § 9-11-60 (d) (2) where defendant failed to exercise proper diligence to discover forgery prior to judgment).[3] Accordingly, we reverse the grant of Raider's motion under OCGA § 9-11-60 (d) based on a mistake of fact regarding the voluntary acknowledgment of legitimation, and remand this case for further proceedings consistent with this opinion.

Case No. A13A0759

---

[3] See also *Shepherd v. Metro. Property & Liability Ins.*, 163 Ga. App. 650, 652 (3) (294 SE2d 638) (1982) (appellant was precluded from setting aside judgment on ground which he had known or could have discovered through reasonable diligence); cf. *Edge v. Edge*, 290 Ga. 551, 553 (2) (722 SE2d 749) (2012) (husband could not rely on his counsel's mistake as ground to set aside a judgment under OCGA § 9-11-60 (d) (2)).

2. On appeal from the denial of his petition to adopt T. R., Green also contends that the trial court erred in setting aside the judgment on Raider's legitimation petition.

The record shows that Green filed his petition to adopt T. R. pursuant to OCGA § 19-8-10 (a) (4), which provides that the parent's surrender or termination of parental rights shall not be required as a prerequisite to the filing of an adoption petition where the parent has failed to exercise proper parental care or control of the child. Green based his adoption petition on what appears to be the same evidence presented in opposition to Raider's legitimation petition, i.e., that Raider posted photographs on the internet showing him smoking marijuana, failed to provide appropriate care when T. R. had a fever and when he ingested prescription medication, and posted inappropriate photos of T. R. on the internet. The trial court denied Green's adoption petition finding that Raider's alleged misconduct was not so serious that his parental rights should be terminated.

Here, Green's contention in his adoption petition that it was not necessary to terminate Raider's parental rights, raised the threshold question of whether Raider is considered to be a "parent" for purposes of the adoption statutes. A biological father, who is not the child's legal father, is not a parent within the meaning of OCGA § 19-

9

8-1 (8).[4] See *In re C. N. W.*, 274 Ga. 765, 767 (1) (560 SE2d 1) (2002). However, a biological father is entitled to object to an adoption proceeding if he has filed and provided notice of an acknowledgment of legitimation pursuant to OCGA § 19-7-21.1. See OCGA § 19-8-12 (e).

Since the trial court's order denying Green's adoption petition does not address the issue of whether Raider is T. R.'s "parent" for purposes of the adoption statutes, we reverse the denial of Green's adoption petition. We remand this case for further proceedings consistent with this opinion, including a determination of whether Raider is in fact T. R.'s "legal father" pursuant to the voluntary acknowledgment of legitimation which he and Allifi signed following T. R.'s birth. See OCGA § 19-8-1 (6); OCGA § 9-7-21.1 (a) (2) (F).[5]

---

[4] OCGA § 19-8-1 (8) provides that "[p]arent means either the legal father or the legal mother of the child." OCGA § 19-8-1 (6) defines a child's "legal father" as a "male who: . . . [h]as legitimated the child by a final order pursuant to Code Section 19-7-22[,] or [h]as legitimated the child pursuant to Code Section 19-7-21.1. See also OCGA § 19-7-21.1 (defining legal father as a male who has legitimated a child pursuant to that code section).

[5] We note that Allifi argues that the acknowledgment of paternity and legitimation is not valid because Allifi and Raider's signatures on the portion of the form pertaining to legitimation under OCGA § 19-7-22 (g) (2) are not witnessed. This issue remains for determination by the trial court below.

*Judgment reversed and remanded in A13A0758. Barnes, P. J., concurs. Ray, J., concurs specially and in the judgment only.*

*Judgment reversed and remanded in A13A0759. Barnes, P. J., concurs. Ray, J., concurs specially and in the judgment only.*

# In the Court of Appeals of Georgia

A13A0758. ALLIFFI v. RAIDER.

RAY, Judge.

I concur with the majority's holding because I agree that Raider could not demonstrate that he was entitled to relief from the trial court's order denying his petition for legitimation under OCGA § 9-11-60. However, I write separately to note that the trial court's ruling on Raider's petition to legitimate has no effect on whether or not Raider is the legitimate father of T. R.

It is my opinion that if the form acknowledging paternity and legitimation was properly executed,[1] Georgia law recognizes Raider as the legitimate father of T. R. despite the trial court's rulings regarding Raider's petition to legitimate. The day after T. R.'s birth, Raider and Allifi signed a paternity acknowledgment, which included a statement indicating that the relationship between Raider and T. R. shall be considered legitimate for all purposes under the law, including OCGA § 19-7-22 (g) (2). The record does not reflect that this voluntary acknowledgment of paternity was rescinded pursuant to OCGA § 19-7-46.1. In enacting OCGA §§ 19-7-21.1 (b) and 19-7-22 (g) (2), the legislature empowered the mother and the biological father of a child to circumvent the role of the superior court in determining whether or not a child has been legitimated. By signing and filing this acknowledgment of paternity, Raider may have become the legitimate father of T. R. under Georgia law, and thus he would have been granted a "claim to parental and custodial rights with respect to his child." (Citation and punctuation omitted.) *Braynon v. Hilbert*, 275 Ga. App. 511, 512 (621 SE2d 529) (2005).

---

[1] Allifi argues on appeal that the acknowledgment of paternity and legitimation is not valid because Allifi and Raider's signatures on the pre-printed form were not witnessed. However, the trial court has not ruled on the validity of the document and thus, this issue is not before us on appeal.

I further note that this Court's reversal of the trial court's order setting aside its denial of Raider's petition for legitimation should not be construed as a termination of Raider's parental rights. The superior court was not vested with the subject-matter jurisdiction to terminate parental rights in the civil action initiated by Raider's' petition for legitimation. OCGA § 15-11-28 (a) (2) (C) provides that the juvenile court has

> exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: . . . [f]or the termination of the legal parent-child relationship . . . other than that in connection with adoption proceedings under Chapter 8 of Title 19, in which the superior courts shall have concurrent jurisdiction to terminate the legal parent-child relationship. See *Brine v. Shipp*, 291 Ga. 376, 377 (1) (729 SE2d 393) (2012). Since the trial court's decisions regarding Raider's petition to legitimate were not in connection with the separate adoption proceedings initiated by Green and addressed by this Court in Case No. A13A0759, the superior court was without subject-matter jurisdiction to terminate Raider's parental rights the legitimation case.[2]

---

[2] Although Raider filed the petition for legitimation in the superior court and, thus, implicitly consented to its jurisdiction over him, "the consent of the parties cannot confer subject matter jurisdiction on a court." (Citation omitted.) *In the Interest of A. D. B.*, 232 Ga. App. 697 (503 SE2d 596) (1998). "A judgment rendered by a court without jurisdiction of the subject matter is a nullity." (Citation omitted.) *Barland Co. v. Bartow County Bd. of Tax Assessors*, 172 Ga. App. 61 (322 SE2d 316) (1984).

I also wish to reiterate the concerns expressed by this Court in *Sauls v. Atchison*, 316 Ga. App. 792, 793, n. 1 (730 SE2d 459) (2012) that subsection (b) of OCGA § 19-7-21.1 is problematic. As in the present case, this subsection has the potential to cause the "the filing of unnecessary petitions for legitimation, and . . . [to] cause inconsistent findings." In *Sauls*, this Court further expressed concern that subsection (b) allows mothers and biological fathers to circumvent the protections granted by Georgia's legitimation statute, OCGA § 19-7-22, and makes it possible for the child's mother and *any male* to agree

> whether by mistake or by plan – to have someone other than the biological father sign this form. And a male who simply signs a pre-printed form in the hospital (or within 12 months thereafter) is by that minimal act alone placed on the same legal footing as a father whose paternity has been judicially determined with the benefit of formal notice, evidence, and a hearing at which the court must determine whether legitimation is in the best interest of the child.

Id. However, these concerns are for the General Assembly, and not this Court, to address.