**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 17, 2017**

# In the Court of Appeals of Georgia

A17A1040. IN THE INTEREST OF E. N., a child.

MCFADDEN, Presiding Judge.

The mother of E. N. appeals the juvenile court order denying her motion for the return of E. N.'s custody. We conclude that the juvenile court lacked jurisdiction to rule on the issue of custody. We therefore vacate the order and remand the case to the juvenile court for entry of an order dismissing the motion.

E. N. was removed from his home and his parents' custody, and the juvenile court found him to be dependent due to the mother's mental illness. While the dependency proceedings were pending, the father filed for divorce in superior court. The superior court referred the custody issue to the juvenile court, which ultimately recommended that physical and legal custody be awarded to the father. The superior

court adopted the recommendation and awarded custody to the father. The mother did not appeal that order.

The mother filed the instant motion in the dependency proceeding seeking to have the custody of E. N. returned to her and seeking a ruling that E. N. is no longer dependent as to the mother. The juvenile court conducted a hearing on the motion and denied it. The mother filed this appeal.

Under OCGA § 15-11-10 (1) (C), a juvenile court is granted exclusive original jurisdiction over an action in which a child "is alleged to be a dependent child[.]" In such actions, the juvenile court may award temporary custody of a child who is adjudicated dependent. *Ertter v. Dunbar,* 292 Ga. 103, 104-105 (734 SE2d 403) (2012) (interpreting OCGA § 15-11-28 (a) (1) (C), the predecessor to OCGA § 15-11-10 (1) (C)). However, under OCGA § 15-11-11 (3), juvenile courts "[do] not have the authority to award permanent custody without a transfer order from a superior court." Id. at 105 (citation omitted) (interpreting OCGA § 15-11-28 (c) (1), the predecessor to OCGA § 15-11-11 (3)). See also OCGA § 19-9-23 (a) ("[A]fter a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child."). The purpose of the

2

Juvenile Code "is not to settle questions of custody by and between the parents of a minor child or children. However, it is proper for the juvenile court to decide custody issues when properly transferred to that court by the superior court." *Neal v. Washington*, 158 Ga. App. 39, 41 (3) (279 SE2d 294) (1981) (citations omitted).

> In this case, the record contains

> no order of the superior court transferring the [motion for return of custody] to the juvenile court . . ., and the jurisdiction obtained during the divorce action could not serve to retain such jurisdiction. . . . Clearly, the juvenile court, without a proper transfer from the superior court which has not been shown here, was without authority to modify the custody provisions of the final divorce decree.

*Owen v. Owen*, 183 Ga. App. 472, 473 (1) (359 SE2d 229) (1987) (citations and punctuation omitted). Accordingly, the juvenile court lacked jurisdiction to rule on the mother's motion, which the court should have dismissed rather than denied. See *In the Interest of K. R. S.*, 253 Ga. App. 678, 681 (1) (560 SE2d 292) (2002). We note that the mother can seek in the appropriate court a change of custody based on a material change of condition affecting the welfare of the child since the last custody award and the child's best interests. *Amoakuh v. Issaka*, 299 Ga. 132, 133 (1) (786 SE2d 678) (2016); see also *In the Interest of M. F.*, 298 Ga. 138, 144 (2) (780 SE2d

291) (2015) ("[O]ne can hardly imagine a change in circumstances more material for . . . a child than the subsequent reappearance of a parent fit to be charged with their care and custody.").

*Judgment vacated and case remanded. Branch and Bethel, JJ., concur.*