**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 3, 2020**

# In the Court of Appeals of Georgia

A20A0244. KASPER et al. v. JUDY MARTIN et al.

RICKMAN, Judge.

At issue in this case is whether a superior court had jurisdiction of a child custody action even though a previously filed dependency action regarding the same child was pending in the juvenile court. We hold the superior court in this case erred in concluding that it did not have jurisdiction and therefore erred by dismissing the action.

We review the question of whether a court lacks subject-matter jurisdiction, an issue of law, for plain legal error. See *Kogel v. Kogel*, 337 Ga. App. 137, 140, n.7 (786 SE2d 518) (2016).

The record shows that in June 2019, Eleanor and Charles Kasper, the paternal aunt and uncle of the child at issue, filed a verified petition in the Superior Court of

Glynn County, asserting that they should be given temporary and permanent custody of the child; the Kaspers named as defendants the child's father and Judy Martin, the child's maternal grandmother. The child's mother had died shortly before the Kaspers filed their petition.

The undisputed facts show that, at the time of the custody petition, the child was the subject of a dependency hearing in the Juvenile Court of Glynn County because he had tested positive for narcotics at birth in 2016. The child was placed in the legal custody of the Glynn County Department of Family and Children Services ("DFACS") at that time. DFACS initially placed the child in foster care. Approximately two months before the Kaspers filed their custody petition, however, DFACS placed the child with Martin, his maternal grandmother, who lives in Florida. The Kaspers, who live in Colorado, also moved to intervene in the juvenile court dependency proceeding.

In the superior court proceeding, the Kaspers requested custody of the child on a temporary and permanent basis under OCGA § 19-7-1 (b) (1),[1] and they indicated that they would concede to a transfer of the matter to juvenile court under OCGA §

---

[1] Although a child under the age of 18 remains under the control of his or her parents, "[p]arental power shall be lost by . . . [v]oluntary contract releasing the right to a third person." OCGA § 19-7-1 (b) (1).

15-11-15[2] if necessary for report and recommendation. The child's father answered, admitted all of the allegations of the petition, and prayed that the court grant the Kaspers permanent physical and legal custody of the child. Martin answered and moved to dismiss the custody action on the ground that the superior court lacked jurisdiction because the juvenile court proceeding was already pending and the Kaspers had moved to intervene in that proceeding. In their reply to the motion, the Kaspers attached several records from the juvenile court proceeding. Meanwhile DFACS moved to intervene in the superior court action, also attaching several records from the juvenile court action, and filed a proposed answer to the Kaspers' petition. The superior court then held a hearing on the pending motions.

At the hearing, the child's father, a college student, reiterated that he agreed to custody being placed with the Kaspers. The Kaspers announced that the juvenile court had granted their petition for intervention. And the superior court[3] commented

---

[2] "In handling divorce, alimony, habeas corpus, or other cases involving the custody of a child, a superior court may transfer the question of the determination of custody, support, or custody and support to the juvenile court either for investigation and a report back to the superior court or for investigation and determination." OCGA § 15-11-15 (a).

[3] The judge presiding over the custody hearing in superior court was sitting specially; he was normally a full-time judge of the same juvenile court.

3

that the juvenile court had jurisdiction over requests for permanent guardianship, which, the court stated, "for all practical purposes is the equivalent of [p]ermanent [c]ustody." The superior court concluded that it did not have jurisdiction, that custody should be resolved in the juvenile court, and that it was therefore transferring he matter to that court:

> [M]y opinion [is] that the [j]uvenile [c]ourt is currently asserting [j]urisdiction in this [c]ase and that the [s]uperior [c]ourt, therefore, has no [s]ubject [m]atter [j]urisdiction in this [c]ase. However, to the extent that the [s]uperior [c]ourt may have some [s]ubject [m]atter [j]urisdiction in this [c]ase, I am, as a sitting [p]ro [h]ac [v]ice [s]uperior [c]ourt [j]udge, transferring the matter to [j]uvenile [c]ourt so that they'll all be heard together.

The court added that it was not dismissing the proceeding. But in the written order that followed, the court simply dismissed the Kaspers' action without transferring the matter to juvenile court. This appeal followed.

The Kaspers assert that the superior court erred by dismissing the custody action for lack of jurisdiction, in part by erroneously concluding that a permanent custody proceeding in superior court is the equivalent of a permanent guardianship proceeding in juvenile court. We agree with the Kaspers.

4

"The juvenile court has exclusive original jurisdiction over juvenile matters of dependency and is the sole court for initiating actions concerning a child that is alleged to be a dependent child." *In the Interest of A. L. S.*, 350 Ga. App. 636, 639 (1) (829 SE2d 900) (2019), citing OCGA § 15-11-10 (1) (C). In such cases, "the juvenile court may award temporary custody of [a] child adjudicated to be deprived." *Ertter v. Dunbar*, 292 Ga. 103, 105 (734 SE2d 403) (2012). Juvenile courts also have exclusive original jurisdiction over proceedings for a permanent guardianship. See OCGA § 15-11-10 (3) (B); *In the Interest of M. F.*, 298 Ga. 138, 139 (1) (780 SE2d 291) (2015).

Only superior courts, however, have original jurisdiction to hear custody matters. See Ga. Const. Art. VI, Sec. IV, Par. I. (Georgia Constitution bestows on superior courts "jurisdiction in all cases, except as otherwise provided in this Constitution."); *In the Interest of C. A. J.*, 331 Ga. App. 788, 792 (2) (771 SE2d 457) (2015) ("Issues of permanent child custody. . . fall within the superior court's jurisdiction."); see also *Ertter*, 292 Ga. at 105. A superior court may, however, transfer a custody matter to juvenile court under OCGA § 15-11-15 (a),[4] in which case the juvenile court has concurrent jurisdiction of the custody matter. See OCGA

---

[4] See supra n. 2.

5

§ 15-11-11 (3).[5] Thus, a juvenile court "does not have authority to award permanent custody without a transfer order from a superior court." *Ertter*, 292 Ga. at 105; see *C. A. J.*, 331 Ga. App. at 792 (2).

It follows that in this case, when the superior court did not transfer the custody matter to the juvenile court, the superior court retained jurisdiction and erred by dismissing the Kaspers' petition for permanent custody for lack of jurisdiction. See *Ertter*, 292 Ga. at 105 (holding that superior court had jurisdiction of aunt and uncle's petition for permanent custody in the absence of a transfer order to juvenile court, which had placed the child with the maternal grandmother temporarily during a dependency proceeding); *Mauldin v. Mauldin*, 322 Ga. App. 507, 509 (1) (745 SE2d 754) (2013) (holding that without order transferring issue of custody to juvenile court, superior court retained jurisdiction to award permanent custody).

We find no merit in the trial court's reasoning that a permanent custody proceeding in superior court is the equivalent of a permanent guardianship proceeding

---

[5] "The juvenile court shall have concurrent jurisdiction to hear . . . [t]he issue of custody and support when the issue is transferred by proper order of the superior court; provided, however, that if a demand for a jury trial as to support has been properly filed by either parent, then the case shall be transferred to superior court for the jury trial." OCGA § 15-11-11 (3).

6

in juvenile court and that, therefore, the rule of "priority jurisdiction"[6] dictates that the juvenile court had jurisdiction of the custody issue. First, there is no evidence that the juvenile court appointed a permanent guardian for the child; in fact the superior court concluded that the child did not have a guardian. See *Stanfield v. Alizota*, 294 Ga. 813, 815 (756 SE2d 526) (2014) (no conflict between superior court and juvenile court existed and, thus, no issue of priority jurisdiction, where, "although the juvenile court was the first tribunal to take personal jurisdiction over [child] for the deprivation action, it never took subject matter jurisdiction over the termination of [child's] parents' parental rights because no petition for termination was ever filed in the juvenile court."). Second, the Juvenile Code clearly distinguishes between permanent guardianship and permanent custody, and it grants original jurisdiction to the juvenile court for the former and to the superior court for the latter. See *In the Interest of M. F.*, 298 Ga. at 139 (1).

---

[6] "The doctrine of priority jurisdiction provides that where different tribunals have concurrent jurisdiction over a matter, the first court to exercise jurisdiction will retain it." *Stanfield v. Alizota*, 294 Ga. 813, 815 (756 SE2d 526) (2014).

For these reasons, we hold that the superior court erred by dismissing the custody action for lack of jurisdiction. The Kaspers' final enumeration of error is mooted by our holding.

*Judgment reversed. Dillard, P.J., and Brown, J., concur.*