**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 13, 2021**

# In the Court of Appeals of Georgia

A21A1121. IN THE INTEREST OF B. W., A CHILD.

REESE, Judge.

Katherine Whitlock-Hawthorne (the "Mother") appeals from the juvenile court's order dismissing her motion for return of custody of a minor child. She argues that the juvenile court had jurisdiction to consider her motion, and that the court erred by leaving the child indefinitely in the temporary custody of the child's father, Shane Fuller. For the reasons set forth infra, we affirm.

In October 2019, the Douglas County Division of Family and Children Services ("DFACS") filed a complaint and dependency petition in juvenile court alleging that then five-year-old B. W. and the Mother's five other children were dependent. The petition contended, among other things, that the children were sleeping with farm animals inside the home, that the children smelled of urine and

feces, and that the children had witnessed domestic violence between the Mother and Michael Hawthorne, B. W.'s stepfather. The juvenile court removed B. W. from the home and initially placed her with Hawthorne's grandmother. The court also allowed supervised visitation. However, the court suspended visitation after B. W. was observed picking up trash containing multiple used needles in the yard for 50 cents, and after Hawthorne's grandmother allowed unsupervised visitation.

The court ultimately entered a dependency order in March 2020 finding that B. W. was dependent. DFACS proposed to place B. W. in Tennessee with Fuller, B. W.'s biological father. By this time, Fuller had legitimated B. W. and had conducted multiple visitations with her. The parties consented in March 2020 to the juvenile court granting temporary legal and physical custody to Fuller, and the court entered the temporary custody order in May 2020.

During a June 2020 review hearing, the court found that the Mother's progress on her reunification plan was "on-going and significant[.]" However, DFACS requested that the dependency case with respect to B. W. be closed because B. W. had successfully achieved permanency with Fuller. The juvenile court agreed and found that B. W. was no longer dependent. The court allowed visitation with the Mother

every other weekend, and later entered a case closure order in July 2020. The Mother did not appeal either of these orders.

In October 2020, the Mother filed a "motion for return of custody[.]" The juvenile court, after a hearing, dismissed the motion, finding that it no longer had an open dependency case regarding B. W., and that Fuller had not been properly served. This appeal followed.

"Jurisdiction is a question of law to which we apply a de novo standard of review."[1] With this guiding principle in mind, we now turn to the Mother's claims of error.

1. The Mother argues that the juvenile court erred in finding that it did not have jurisdiction to address the issues raised in her motion for return of custody.

"A juvenile court is granted exclusive original jurisdiction over an action in which a child is alleged to be a dependent child. In such actions, the juvenile court may award temporary custody of a child who is adjudicated dependent."[2] "Issues of permanent child custody, however, fall within the superior court's jurisdiction. A

___

[1] *In the Interest of K. L. H.*, 281 Ga. App. 394, 395 (636 SE2d 117) (2006).

[2] *In the Interest of E. N.*, 343 Ga. App. 178, 179 (806 SE2d 630) (2017) (citation and punctuation omitted).

3

juvenile court, therefore, does not have authority to award permanent custody without a transfer order from a superior court."[3]

In this case, the juvenile court found that B. W. was no longer dependent and closed the dependency action. Because the Mother's motion for custody — filed after the juvenile court had closed the case — did not contain valid allegations that B. W. was dependent, the juvenile court correctly found that it lacked jurisdiction to rule on the custody issue without a transfer order from the superior court.[4] "We note that the [M]other can seek in the appropriate court a change of custody based on a material change of condition affecting the welfare of the child since the last custody award and the child's best interest."[5]

---

[3] *In the Interest of C. A. J.*, 331 Ga. App. 788, 792 (2) (771 SE2d 457) (2015) (citations and punctuation omitted).

[4] See *In the Interest of E. N.*, 343 Ga. App. at 178-180 (juvenile court lacked jurisdiction over motion for return of custody); *In the Interest of C. F.*, 199 Ga. App. 858, 859 (1) (406 SE2d 279) (1991) (juvenile court lacked jurisdiction over a petition for permanent custody where the petition did not allege dependency); *In the Interest of C. C.*, 193 Ga. App. 120, 121 (1) (387 SE2d 46) (1989) (same); see also *In the Interest of K. L. H.*, 281 Ga. App. 394, 395 (636 SE2d 117) (2006) ("[I]f a [dependency] proceeding is actually a disguised custody matter, then it is outside the subject matter jurisdiction of the juvenile courts.") (punctuation and footnote omitted).

[5] *In the Interest of E. N.*, 343 Ga. App. at 179-180.

2. The Mother contends that the juvenile court erred by leaving B. W. "indefinitely" in the temporary custody of Fuller.

Assuming, without deciding, that the Mother's appeal of the juvenile court's dismissal order encompasses this issue,[6] the juvenile court did not err here. The court's order explicitly stated that it was awarding temporary, and not permanent, custody to Fuller.[7] Additionally, the juvenile court's order does not prevent the Mother from filing a petition for permanent custody in a court of competent jurisdiction.[8]

*Judgment affirmed. Doyle, P. J., and Brown, J., concur*.

---

[6] Notably, the Mother did not appeal the juvenile court's orders finding that B. W. was no longer dependent and closing the case.

[7] See *Ertter v. Dunbar*, 292 Ga. 103, 105-106 (734 SE2d 403) (2012) (juvenile court's authority to award temporary custody under former OCGA § 15-11-58 (i) (1) until the child's eighteenth birthday did not constitute an award of permanent custody); cf. *In the Interest of C. A. J.*, 331 Ga. App. at 792-793 (2) (reversing custody order when it was apparent that the juvenile court's order of "placement" was "permanent custody for the purposes of adoption").

[8] See *Ertter*, 292 Ga. at 105-106.