**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 3, 2021**

# In the Court of Appeals of Georgia

A21A1034. SHULTZ v. WALKER.

GOBEIL, Judge.

In July 2020, a trial court denied Billy Wayne Shultz III's petition to legitimate his minor child. Shultz then moved to set aside the judgment based on the fact that Shultz had already administratively legitimated the child in 2015. The trial court denied Shultz's motion to set aside the judgment, and Shultz appeals. For the reasons set forth below, we vacate the trial court's order, and remand for further proceedings.

The uncontested facts in this case show that Shultz and Maci Brooke Walker are the parents of a minor child, B. W. S., born in November 2015. The parties were never married, but were in a relationship at the time of B. W. S.'s birth. A few days

after the birth, Shultz and Walker executed an acknowledgment of paternity and administrative legitimation of B. W. S.[1]

Shultz began to exhibit symptoms of mental illness, and the two ended their relationship. The two maintained a co-parenting relationship until some time in 2017, when Walker cut off contact between Shultz and B. W. S.

In February 2019, Shultz, through counsel, filed a petition to legitimate B. W. S. During these proceedings, neither party informed the court about the previous administrative legitimation. After a hearing, a transcript of which does not appear in the appellate record, in July 2020, the trial court denied Shultz's petition, finding that he had abandoned his opportunity interest to develop his relationship with the child.

---

[1] The administrative legitimation was executed pursuant to the former OCGA § 19-7-21.1, which provided, in relevant part: "Prior to the child's first birthday, a father of a child born out of wedlock may render his relationship with the child legitimate when both the mother and father have freely agreed, consented, and signed a voluntary acknowledgment of paternity and an acknowledgment of legitimation which have been made and have not been rescinded . . . ." OCGA § 19-7-21.1 (b) (2015). Additionally, the former OCGA § 19-7-22 (g) (2) provided: "In any voluntary acknowledgment of paternity which has been made and has not been rescinded . . ., when both the mother and father freely agree and consent, the child may be legitimated by the inclusion of a statement indicating a voluntary acknowledgment of legitimation." OCGA § 19-7-22 (g) (2) (2015). These statutes were repealed in 2016. See Ga. L. 2016, p. 304, § 2; compare Ga. L. 2016, pp. 304, 306, § 3, with OCGA § 19-7-22 (g) (2021).

In October 2020, Shultz filed a motion to set aside the judgment denying his petition for legitimation, arguing that a nonamendable defect appeared on the face of the record. Shultz claimed that no legitimation petition was necessary due to Shultz's previous administrative legitimation of B. W. S. Shultz amended his motion to set aside to also argue that fraud, accident, or mistake rendered the judgment void. Walker contested the motion to set aside, and the court held a hearing. The court subsequently denied Shultz's motion, relying on *Allifi v. Raider*, 323 Ga. App. 510 (746 SE2d 763) (2013) (physical precedent only) to find that there was no legal basis to set aside the judgment. The court noted, however, that it did not have the power to invalidate or vacate the prior administrative legitimation. Shultz filed an application for discretionary appeal, which was granted. Case No. A21D0189 (decided Feb. 5, 2021). The instant appeal followed.

Shultz's arguments on appeal concern the denial of his legitimation petition. However, his appeal is from the denial of his motion to set aside the judgment and our review necessarily is limited to that issue. Accordingly, we are bound by the applicable standard of review, which is abuse of discretion. *Moore v. Davidson*, 292 Ga. App. 57, 58 (663 SE2d 766) (2008) ("We review a trial court's ruling on a motion

to set aside a judgment under OCGA § 9-11-60(d) for abuse of discretion.") (citation omitted).

Pursuant to OCGA § 9-11-60 (d), a trial court may set aside its judgment under limited circumstances. The two circumstances raised by Shultz in the lower court were:

> [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; and

> [a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

OCGA § 9-11-60 (d) (2)-(3).

Our Court considered a case with a similar factual background as the instant appeal in *Allifi*, 323 Ga. App. at 510. In *Allifi*, the mother (Allifi) and biological father (Raider) of a child signed a paternity acknowledgment shortly after the child's birth. 323 Ga. App. at 510. Allifi and Raider eventually split up, and Raider filed a petition to legitimate the child. Id. at 510-511. Neither party informed the superior court about the previous administrative legitimation, and the superior court denied the petition. Id. at 511, 513 (1). Raider then filed a motion to set aside the judgment, which the

4

superior court granted based on 9-11-60 (d) (2), finding that its judgment was predicated on a mistake of fact. Id. at 511.

Upon appeal, we noted in our opinion the difficulty our Court has had in interpreting the statutes allowing for administrative legitimation without oversight by the courts. Id. at 513 (1) ("This Court has noted that OCGA § 19-7-21.1 circumvents the safeguards inherent in OCGA § 19-7-22, which requires a petition in superior court and a finding that legitimation is in the best interest of the child. Moreover, this case shows that there is obvious potential for a statutory acknowledgment of legitimation to create significant difficulties for our trial judges and practitioners, and may result in inconsistent findings due to the unnecessary filing of petitions for legitimation.") (citations omitted).[2] However, we found that Raider had not met his burden to show a legal basis to set aside the judgment, as the mistake of fact was

---

[2] We also note that our Court has recognized the parental rights of fathers who have a valid and non-rescinded administrative legitimation, and we have stated that such rights remain "unless and until his parental rights have been terminated in compliance with the law governing such terminations." *Ray v. Hann*, 323 Ga. App. 45, 47 (1) (746 SE2d 600) (2013). And it does not appear that the superior court in this case terminated Shultz's rights in connection with his legitimation petition. Indeed, in the order denying Shultz's motion to set aside the judgment, the trial court included a quote from Judge Ray's special concurrence in *Allifi*, in which Judge Ray noted that the court's denial of Raider's petition to legitimate should not be construed as a termination of his parental rights. 323 Ga. App. at 515 (Ray, J., concurring specially and in judgment only).

5

mixed with his own failure to inform the court of the previous administrative legitimation. Id. Therefore, OCGA § 9-11-60 (d) (2) was inapplicable, as it requires the mistake of fact to be "unmixed with the negligence or fault of the movant." Accordingly, we reversed the trial court's setting aside of its judgment, and remanded for further proceedings. *Allifi*, 323 Ga. App. at 513 (1).

In the instant case, we find *Allifi* to be persuasive on the issue of OCGA § 9-11-60 (d) (2), because Shultz failed to raise the issues of the existence, validity, and effect of the underlying administrative legitimation for the trial court to consider before rendering its judgment. And it follows that the mistake of fact on which Shultz attempts to rely is not unmixed with his own negligence or fault in failing to inform the superior court of the previous administrative legitimation. See *Aycock v. Hughes*, 189 Ga. App. 838, 838 (1) (377 SE2d 689) (1989) (to warrant setting aside a judgment under OCGA § 9-11-60 (d) (2), any accident or mistake must be "unmixed with the negligence or fault of the movant") (punctuation omitted). And although *Allefi* was not binding precedent from this Court (because of Judge Ray's concurrence in judgment only), it was persuasive authority for the superior court, and we do not find that the court abused its discretion in denying Shultz's motion to set aside the judgment on this ground.

That leaves Shultz with the argument that the previous administrative legitimation constituted a nonamendable defect which appeared upon the face of the record or pleadings. OCGA § 9-11-60 (d) (3). The trial court, however, did not reach this issue in the first instance. In finding no legal basis to set aside the judgment, the trial court relied exclusively on *Allifi*, which addressed only whether the judgment in that case could be set aside based on a mistake of fact under OCGA § 9-11-60 (d) (2). Therefore, the trial court's sole reliance on *Allifi* was misplaced, as it failed to reach the alternative ground raised by Shultz to set aside the judgment. Accordingly, we vacate the trial court's order in this case, and remand the case for the trial court to consider whether its denial of Shultz's legitimation petition should be set aside based on a nonamendable defect appearing upon the face the record or pleadings. OCGA § 9-11-60 (d) (3). See *Helton v. United Svcs. Automobile Assn*, 354 Ga. App. 208, 212-213 (2) (840 SE2d 692) (2020) (vacating order and remanding for trial court to consider arguments that were raised by the appellant in the court below but that were not ruled upon by the trial court because of that court's reliance on a prior Supreme Court opinion that resolved a different question).

*Judgment vacated and case remanded. Barnes, P. J., and Markle, J., concur.*